IN RE ERNST: Petition for writ of error *coram nobis*.

*January 9—February 7, 1923.*

*Criminal law: Correction of error: At common law: Writ of error: Function: Fraud inducing plea of guilty: Effect: Writ of error coram nobis: Purpose: Guilt or innocence of accused: What court issues writ: Discretion of court.*

1. Originally at common law a new trial could not be granted in felony cases, and the only remedy of one convicted of crime, upon an error in law, was a recommendation of the judges for a pardon; and if there was an error in fact, the only remedy was by a writ of error *coram nobis*.

2. Under the Wisconsin statutes, and generally under the practice elsewhere, the writ of error developed to embrace on review not only questions of law but questions of fact, all of which must appear on the face of the record; and when a proper remedy is afforded by appeal or ordinary writ of error, the writ of error *coram nobis* will not lie.

3. Notwithstanding language in *Ætna Acc. & L. Co. v. Lyman*, 155 Wis. 135, the common-law writ of error *coram nobis*, to permit the court in which an action was tried to correct errors in fact not appearing in the record, is in force in this state under sec. 13, art. XIV, Const.

4. Where accused, a foreigner unfamiliar with the English language, was fraudulently induced to plead guilty to a felony, the effect of the fraud was to make the plea invalid, and under statutes making the entry of a plea necessary to a valid judgment and sentence the judgment and sentence were invalid.

5. Where a judgment and sentence are invalid on account of fraud, no statute of limitations will bar the person convicted from taking advantage of the alleged fraud.

6. On a proceeding pursuant to a writ of error *coram nobis* the question of the guilt or innocence of the accused petitioner is not a necessary subject of inquiry.

7. A writ of error *coram nobis* is not allowed as a matter of course, but only on its being made to appear with reasonable certainty that there has been some error of fact, and its issuance is discretionary.

8. Sec. 2408, Stats., providing that when an issue of fact is to be determined in an original action in the supreme court it is within the discretion of the court to order a jury trial, does not permit the supreme court to try an issue of fact raised by writ of error *coram nobis* before a jury because the action was not commenced in that court.

9. The remedy by writ of error *coram nobis* lies in the trial court, as the principal aim of the writ is to afford the court in which the action was tried an opportunity to correct its own record.

ORIGINAL APPLICATION in this court.

*Raymond W. Frank* of Milwaukee, for the petitioner.

For the State there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt* and *Eugene Wengert,* assistant district attorney of Milwaukee county.

DOERFLER, J. The matter herein comes before this court upon an order to show cause why a writ of error *coram nobis,* or some other appropriate writ within the original jurisdiction of this court, should not issue for the purpose of revoking the judgment and sentence of the municipal court of Milwaukee county rendered and imposed on April 28, 1918, pursuant to an alleged plea of guilty entered to an information charging felony.

The time limit, under sec. 4719, Stats., for new trial or for the issuance of a writ of error has expired. The petition of plaintiff in error, supported by affidavits, shows that the plea of guilty was entered pursuant to a mistake of fact and to an alleged fraud; that in contemplation of law the alleged plea of guilty does not operate as a confession; that while on the record there appeared *in form an issue,* no issue had ever been presented *in fact,* and that in law the judgment and sentence were void; and that such alleged fraud was not within nor had it come to the knowledge of the court prior to the judgment and sentence. So that, while the record is regular on its face, the petition seeks to nullify and revoke the judgment and sentence for an error in fact which, had it been within the knowledge of the court, no judgment and sentence would have been pronounced.

Assuming the averments in the petition as true, is it within the power of this court or of any other court to afford plaintiff in error relief? Counsel for the plaintiff in

error and the learned attorney general have co-operated zealously in an honest endeavor to aid the court and to solve the proposition involved, and we cannot refrain from commending especially the representative of the state in such co-operation and in assuming an attitude of fairness in his search for the truth, which had for its object and purpose the granting of certain fundamental rights to the plaintiff in error. Such a conception of the duties of the highest law officer of the state in a criminal case is in accordance with the modern and approved standard laid down by the decisions and the authorities.

The municipal court of Milwaukee county, among other things, has power and jurisdiction, in all matters involving felonies, concurrent with that of a circuit court, and such court is, like the circuit court, a court of general jurisdiction in criminal cases.

The common law originally did not authorize the granting of a new trial in cases of felony. *Reg. v. Bertrand,* 10 Cox C. C. 618; Harris, Crim. Law, 406. The only remedy then afforded one charged with crime, where the conviction was based upon error in law, was a recommendation of the judges for a pardon. *Reg. v. Murphy,* L. R. 2 P. C. 535. Where there was an error in fact, the only remedy was by the writ of error *coram nobis.*

It would appear, therefore, that of the three writs of error known to the common law, namely, the writ of error, the writ of error *coram nobis,* and the writ of error *coram vobis,* the writ of error *coram nobis* preceded in point of time either of the other two writs. In 2 Ruling Case Law, p. 305, § 259, it is said:

"The distinction between an ordinary writ of error and a writ of error *coram nobis* is that the former is brought for a supposed error in law apparent on the record, and takes the case to a higher tribunal, where the question is to be decided and the judgment, sentence, or decree is to be affirmed or reversed, while the latter is brought for an

alleged error in fact not appearing on the record and lies to the same court in order that it may correct the error which it is presumed would not have been committed had the fact in the first instance been brought to its notice." See, also, *Fugate v. State,* 85 Miss. 94, 37 South. 554, 107 Am. St. Rep. 268, 3 Ann. Cas. 326.

Under our statutes and under the practice in vogue in many of the states and the federal practice, the writ of error gradually developed so as to embrace on a review not only questions of law but questions of fact, all of which must appear on the face of the record. The ordinary writ of error, therefore, can afford no relief in a case like the instant one. When a proper remedy is afforded by appeal or ordinary writ of error, the writ of error *coram nobis* will not lie. 2 Ruling Case Law, p. 306, § 260; *Sanders v. State,* 85 Ind. 318, 44 Am. Rep. 29.

The writ of error *coram nobis* has been held a proper remedy where an infant has appeared solely by attorney, and where the fact of such infancy was not made known to the court. *Withrow v. Smithson,* 37 W. Va. 757, 17 S. E. 316, 19 L. R. A. 762. Also where the death of a party to an action was not made known to the court prior to the time that the judgment was rendered. *Kemp v. Cook,* 18 Md. 130, 79 Am. Dec. 681. Also where, through the fraud of an attorney, a judgment by default was taken. 2 Ruling Case Law, p. 307, § 262. Also where, in a criminal prosecution, the accused was forced, through well-founded fears of mob violence, to plead guilty. *Sanders v. State,* 85 Ind. 318, 44 Am. Rep. 29; *State v. Calhoun,* 50 Kan. 523, 32 Pac. 38, 34 Am. St. Rep. 141, 18 L. R. A. 838; 2 Ruling Case Law, p. 308, § 262.

It is contended by counsel for the plaintiff in error that the power to issue the writ of error *coram nobis* or *vobis* in this state does not rest with the circuit court because in the opinion of the court in the case of *Ætna Acc. & L. Co. v. Lyman,* 155 Wis. 135, 144 N. W. 278, the doctrine as

expounded in *Teller v. Wetherell,* 6 Mich. 46, is cited with approval.   Quoting from the *Teller Case* it is said:

"As to the jurisdiction of the circuit court, the constitution and statutes defining and limiting its jurisdiction do not give it power in any case to issue a writ of error, and without this power a writ of error *coram vobis* issued by that court would be void.   20 Johns. 22; 14 Johns. 422."

In the *Ætna Case* it was held that a writ of error from the circuit court for Milwaukee county will not lie to review a judgment of the civil court of said county, and that question was the only question involved in that case.   In the concurring opinion in that case by the late Mr. Justice MARSHALL, it is said:

"The grant to circuit courts was to issue writs 'to carry into effect their orders, judgments, and decrees, and give them a general control over inferior courts and jurisdictions,' in other words, as said in *Att'y Gen. v. Railroad Cos.,* as an 'appurtenance to their original jurisdiction.'   The grant to this court was to issue writs 'and to hear and determine the same.' "   See, also, *Att'y Gen. v. Railroad Cos.* 35 Wis. 425, 521; *State ex rel. Milwaukee Med. Coll. v. Chittenden,* 127 Wis. 468, 508, 107 N. W. 500.

The power of the circuit court to issue a writ of error *coram nobis* was not in any sense involved in that case.

Sec. 13 of art. XIV of the constitution provides:

"Such parts of the common law as are now in force in the territory of Wisconsin, not inconsistent with this constitution, shall be and continue part of the law of this state until altered or suspended by the legislature."

At the time of the adoption of the constitution the writs of error herein referred to had not been abolished but were still in existence, and while the proceedings have been regulated and modified, such writs have not been abolished. It therefore becomes plain that the common-law writ of error *coram nobis* is still in force in this state, excepting only where other remedies have been substituted.

In re Ernst, 179 Wis. 646.

The question then arises, assuming that the allegations of the petition are true, namely, that the plaintiff in error at the time of the filing of the information was a foreigner and not conversant with the English language, and that he was fraudulently induced to plead guilty, not knowing or comprehending the meaning and tenor of such plea, and that the facts with reference thereto were unknown to the court and were withheld from the court, can relief be granted at this time by any court by the issuance of the writ of error *coram nobis?* Such fraud not appearing upon the record, the matter cannot come before this court for review pursuant to the issuance of the ordinary writ of error, and unless one of the other writs of error is available the plaintiff in error must endure the penalty of a wrongful imprisonment for which there is no remedy or relief in the judicial system of this state.

"Fraud destroys the validity of everything into which it enters. It vitiates the most solemn contracts, documents, and even judgments. Fraud, as it is sometimes said, vitiates every act; which statement embodies a thoroughly sound doctrine when it is properly applied to the subject matter in controversy and to the parties thereto and in a proper forum." 12 Ruling Case Law, p. 231, § 3. See, also, cases cited in note at the foot of said page.

Mr. Bishop, in his work on Criminal Law, says:

"The common-law doctrine is familiar, that fraud vitiates every transaction into which it enters." 1 Bishop, New Crim. Law (8th ed.) § 1008; Bigelow, Fraud, 170.

The effect of this fraud, assuming it to have been practiced, is to leave the information without a plea, and the entry of a plea in every instance under our statutes is a necessary prerequisite to a judgment and sentence. This being so, no statutes of limitation apply, and no statutes exist in this state which would bar the plaintiff in error from taking advantage of the alleged fraud. Under the above assump-

tion of the truth of the petition it cannot be claimed that the plaintiff in error was ever in jeopardy, no issue in contemplation of law having ever been formed and no valid judgment or sentence having been pronounced or imposed. Nothing herein contained should be construed as an expression of opinion on the part of this court as to the guilt or innocence of the plaintiff in error, and on a proceeding pursuant to a writ of error *coram nobis* the question of the guilt or innocence of the accused is not a necessary subject of inquiry. 2 Ruling Case Law, p. 308, § 262; *State v. Calhoun,* 50 Kan. 523, 32 Pac. 38, 34 Am. St. Rep. 141, 18 L. R. A. 838.

The writ is not allowed as of course, but only on its being made to appear with reasonable certainty that there has been some error of fact of the nature herein indicated, and the issuance of a writ is discretionary with the court. *Tyler v. Morris,* 20 N. C. 515 (4 Dev. & Bat. Law, 487), 34 Am. Dec. 395, and note; 2 Ruling Case Law, p. 306, § 261.

This court, under sec. 2408, Stats., may in its discretion, whenever an issue of fact shall be joined or an assessment of damages by a jury be necessary in an action commenced in this court, order a jury trial or send the same to some circuit court to try the jury issue. This section apparently would preclude this court from trying the issue of fact raised by the writ of error *coram nobis* before a jury, because the cause of action is not one commenced in this court. With but few exceptions, the jurisdiction of this court is appellate, and the principal aim of the writ of error *coram nobis* being to afford the court in which the action was tried an opportunity to correct its own record, the supreme court could not assume jurisdiction and try the issue without apparently usurping the functions for which it was created under the constitution. It will therefore be seen that while the functions of the writs have been enlarged in some instances, and while in others the proceedings in vogue at common law have been regulated, modified, and changed so as

Molovasilis v. Chicago, M. & St. P. R. Co. 179 Wis. 653.

to meet and conform to modern conditions and affairs, the protecting features involved in the original common-law remedies are still intact, and the designed relief embraced in the original forms are still available under our modern practice, serving the purpose of protecting certain fundamental and inalienable rights with respect to life, liberty, and property, and affording, pursuant to the maxim of the common law, a remedy wherever there is a wrong.

We therefore hold that the remedy lies in the trial court, and that the petition to this court must be denied.

*By the Court.*—Petition denied.