ERNST, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 7—June 5, 1923.*

*Criminal law: Writ of error coram nobis: When issued: Perjury committed on trial: Discretion of court: Review: Trial of issues raised by writ: Evidence: Judicial notice of notary's commission.*

1. The writ of error *coram nobis* lies to the court in which the case was tried to correct an error of fact not apparent of record, but it does not lie to correct an error of law. The writ issues in the sound judicial discretion of the court, which discretion is, however, reviewable by the appellate court.

2. Where the affidavit of one convicted of the crime of incest, to the effect that, owing to his lack of knowledge of the English language, he pleaded guilty to the charge through a misunderstanding, was controverted by the affidavits of persons of his own nationality, there was no abuse of discretion in denying a writ of error *coram nobis,* though an affidavit by the prosecutrix was produced in which she stated that she had testified falsely on the trial in support of the charge against accused.

3. The defendant in a criminal action being permitted to move for a new trial and to test the correctness of the sentence by writ of error or *habeas corpus,* the granting of a writ *coram nobis* should be exercised with caution, and only where it clearly appears that an error of fact existed before judgment, but for which error the judgment would not have been entered.

4. Since the issuance of a writ of error *coram nobis* is a matter of· discretion and relates to errors of fact existing before judgment, it should, where possible, be issued by the judge who tried the case.

5. Where the validity of affidavits produced on the hearing of a proceeding for the issuance of a writ of error *coram nobis* was questioned on the ground that the affidavits were taken before the district attorney, the court will take judicial notice that the district attorney was a notary public by appointment of the secretary of state at the time of the taking of the affidavits.

6. The issuance of a writ of error *coram nobis* being within the discretion of the trial judge, the determination of the propriety of the writ is for the court and not a jury, the court having power to issue the writ upon affidavits or sworn testimony, though the issues arising after the issuance of the writ are usually tried by the jury.

7. The direct or implied finding by the jury or court on the trial that the testimony of a witness was true is conclusive upon the hearing of a petition for a writ of error *coram nobis,* and hence the writ does not lie to reach a question of perjury.

ERROR to review an order of the municipal court of Milwaukee county: E. T. FAIRCHILD, Acting Judge. *Affirmed.*

Plaintiff in error filed a petition in the municipal court of Milwaukee county praying for the issuance of a writ of error *coram nobis* to review his conviction and sentence on a charge of incest with his daughter. Previously he had filed a petition in this court, upon the hearing of which it was

determined that the municipal court was the proper court to which to make application for the issuance of the writ. See *In re Ernst,* 179 Wis. 646, 192 N. W. 65. After a hearing in the municipal court upon affidavits and sworn statements the court refused to issue the writ, and the plaintiff in error sued out a writ of error to review the correctness of the order refusing to issue the writ.

*Raymond W. Frank* of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, George A. Shaughnessy,* district attorney of Milwaukee county, and *Eugene Wengert,* assistant district attorney, and oral argument by *Mr. Wengert.*

VINJE, C. J. A writ of error *coram nobis* lies to the court in which the case was tried to correct an error of fact that does not appear of record. It does not lie to correct an error of law. 2 Ruling Case Law, 305. Nor does such a writ issue as a matter of right but as a matter of sound judicial discretion. *In re Ernst,* 179 Wis. 646, 192 N. W. 65. And it has been held that the decision of the trial court in refusing a writ is not reviewable. *Tyler v. Morris,* 20 N. C. 487. But such a rule does not obtain in our state. We review discretionary orders and reverse if there has been an abuse of judicial discretion.

We come, therefore, to the question, Did the trial court abuse his discretion in refusing to grant the writ? Plaintiff in error claimed by affidavit that he was led to plead guilty through the fact that he did not understand the English language and was told by the police officers that he should plead guilty. In addition to the plea of guilty his daughter also gave testimony to the effect that plaintiff in error had had sexual intercourse with her a number of times. Now by affidavit she says she testified falsely on the trial. In opposition to these affidavits there are affidavits and sworn statements from the police officers and the inter-

preter, who interpreted between the court and plaintiff in error that he was not induced to plead guilty by threats or otherwise, nor was he ignorant of the charge against him or of the nature and effect of his plea. It appears that most of the police officers fluently spoke German, which was the native language of the plaintiff in error, and they say the nature of the charge was explained to him as well as the effect of a plea of guilty and that he understandingly and voluntarily pleaded guilty.

Upon such a showing we cannot say that the court abused its discretion in refusing to grant the writ. On the contrary it exercised a sound judicial discretion. Under our system of criminal procedure permitting a defendant to move for a new trial to test the correctness of the sentence by writ of error or by writ of *habeas corpus,* the granting of a writ of *coram nobis* should be exercised with the utmost caution and care by the trial court, and it should be granted only in cases where it quite clearly appears that an error of fact existed before judgment but for which error the judgment would not have been entered.

It appears in the present case that this petition was not heard by the judge who tried the case originally though he is still the municipal judge. Wherever possible, the judge who heard the case should pass upon the allowance of such a writ, because a refusal may in part be based upon his knowledge of the facts that occurred upon the trial. It is a petition addressed to his discretion, claiming that an error of fact intervened before judgment. He should be satisfied that there is at least reasonable grounds for believing that the petition is true. In a case like this where it is claimed that the accused did not know the charge against him or understand the plea he made, none perhaps is better qualified to pass upon the truth of such a claim than the judge who received the plea.

It is claimed by plaintiff in error that some of the statements made by the police officers are not under oath because

Ernst v. State, 181 Wis. 155.

it does not appear that W. C. Zabel, the district attorney, who administered an oath to each, was empowered to administer oaths. It appears from the records of the secretary of state, of which we take judicial notice, that he was appointed a notary public of this state on April 20, 1921, for a term of four years. These oaths were administered after that date and during his term.

It is claimed that a jury should pass upon the question as to whether a writ should issue. There is no authority for such a claim. Neither is it founded upon reason. The court must pass upon the question of the issuance of the writ. As before stated, it is not a writ of right but one to be issued only in the discretion of the court. The court may dispose of the question of the issuance of the writ upon affidavits, sworn statements, or upon testimony taken before it, or upon any combination thereof. The writ having been granted, the issues then presented are usually tried before a jury. *State v. Calhoun,* 50 Kan. 523, 32 Pac. 38, 18 L. R. A. 838 and note.

The writ of *coram nobis* does not reach a question of perjury by a witness on a trial. The direct or implied finding by the jury or court when the case is tried that the testimony of such witness was true, is conclusive upon the hearing of a petition for a writ of *coram nobis.* Were it otherwise, since no statutes of limitation, except perhaps such as equity may invoke, lie against the writ, no judgment would be safe against belated attacks thereon on the alleged ground of perjury.

*By the Court.*—Order affirmed.