GELOSI, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 5—April 30, 1935.*

*O A. Stolen* and *Cyril E. Marks* both of Madison, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, Joseph E. Messerschmidt,* assistant attorney general, *Lyall T. Beggs,* district attorney of Dane county, and *Fred Risser,* special prosecutor, and oral argument by *Mr. Messerschmidt, Mr. Risser,* and *Mr. Beggs.*

MARTIN, J. The plaintiff in error was convicted as accessory before and after the fact, in connection with the murder of one Andrew Presti, by a jury in the circuit court for Dane county on December 24, 1932, and on December 28, 1932, was sentenced by said court for life to the state prison at Waupun. An appeal was taken from the judgment of the circuit court to this court, which judgment was affirmed on June 26, 1934. *Gelosi v. State,* 215 Wis. 649, 255 N. W. 893.

On January 3, 1935, plaintiff in error moved in the circuit court for Dane county on an order to show cause why a writ of error *coram nobis* should not issue for the purpose of vacating and setting aside the verdict of the jury and the judgment and sentence imposed by said circuit court, and for a new trial on the ground of misconduct on the part of bailiffs and certain jurors occurring during the trial of said action in the circuit court, which alleged misconduct consists of: First, that during the trial, and after the district attorney had cross-examined defense witnesses, he attempted to recall said witnesses for further examination; that such witnesses did not respond to the call of their names in the courtroom, whereupon the district attorney stated in substance that "he wanted said witnesses held." This incident occurred in open court during the progress of the trial. Defendant's counsel made no objections to the request or remark of the district attorney. The district attorney had the right to recall such witnesses for further cross-examination, and, if they were not in the courtroom when called, it was proper to request the bailiff to produce them or to issue a subpœna for them for such further cross-examination as might be proper. There is no merit in this alleged error.

The second ground urged for the writ is that, after the case had been submitted to the jury, and while the jurors were walking from the Park Hotel to the courthouse on the

morning of December 24, 1932, for deliberation, said jurors in charge of two bailiffs passed a newsstand located on the street in front of said Park Hotel; that as they passed the newsstand some newspapers were lying on the sidewalk; that some of the jurors saw and read the headline, which was, in substance, as follows: "Jail Three Gelosi Witnesses." No claim is made that any of the jurors read more than the headline or that they obtained any other or further information about the matter.

At the hearing on the order to show cause for said writ of error *coram nobis,* the plaintiff in error submitted the affidavits of two of the jurors who served during the trial in the circuit court. These affidavits are to the effect that on December 23, 1932, one Joseph Hayes, a witness called by the state, testified concerning what he claimed to have seen and heard transpire in a room at the Loraine Hotel in the city of Madison; that, according to the testimony of said Hayes, certain defense witnesses made statements indicating that money had been used on behalf of the defendant (plaintiff in error) to obtain testimony in behalf of said defendant; and, further, said jurors state in their affidavits that the trial of said action in the circuit court was completed late in the evening on December 23d; that the jurors were taken to the Park Hotel; that early in the morning of December 24th, they were taken from said hotel to the juryroom in the courthouse for the purpose of deliberating on a verdict; that, as said jurors in charge of said bailiffs walked past the newsstand to which reference has been made, there were several newspapers upon the sidewalk; and that as they passed said jurors saw headlines printed in large type as follows: "Jail Three Gelosi Witnesses," or words to that effect.

The state, in opposition to the granting of a writ of error *coram nobis,* filed the affidavits of the other ten jurors who served during the trial, also affidavits of the two bailiffs

who were in charge of the jury, and further procured and filed affidavits from the two jurors whose former affidavits were filed in support of the petition of the plaintiff in error. The affidavits of all twelve jurors and the two bailiffs are to the effect that no member of the jury paused or stopped while passing the newsstand; that, as to the two jurors who observed the headline mentioned, it was a fleeting glance. Plaintiff in error makes no claim that there was any comment by any of the jurors relative to the newspaper headline.

Upon consideration of all of said affidavits, the circuit court denied the application for a writ of error *coram nobis.*

The writ of error *coram nobis* is still in force in this state as a common-law remedy, excepting only where other remedies have been provided by statute. The writ has been infrequently used in this state. It is a discretionary writ, and in *Ernst v. State,* 181 Wis. 155, 158, 193 N. W. 978, this court said:

"Under our system of criminal procedure permitting a defendant to move for a new trial to test the correctness of the sentence by writ of error or by writ of *habeas corpus,* the granting of a writ of *coram nobis* should be exercised with the utmost caution and care by the trial court, and it should be granted only in cases where it quite clearly appears that an error of fact existed before judgment but for which error the judgment would not have been entered."

The distinction between an ordinary writ of error and a writ of error *coram nobis* is "that the former is brought for a supposed error in law apparent on the record, and takes the case to a higher tribunal, where the question is to be decided and the judgment, sentence, or decree is to be affirmed or reversed, while the latter is brought for an alleged error in fact not appearing on the record and lies to the same court in order that it may correct the error which it is presumed would not have been committed had the fact

in the first instance been brought to its notice." 2 R. C. L. p. 305, § 259.

The function of a writ *coram nobis* applied to the instant case is analogous to a motion for a new trial on the ground of newly-discovered evidence. In other words, had the plaintiff in error learned of the same facts as are set forth in his petition herein for a writ of error *coram nobis* and presented same to the trial court as newly-discovered evidence on a motion for a new trial within the one-year period from the date of the verdict, if the trial court denied such motion, and were we called upon to review such order, we would be dealing with the identical question here presented. This court said in *Dugenske v. Wyse,* 194 Wis. 159, 167, 215 N. W. 829:

"The granting or refusing of a motion for a new trial upon the ground of newly-discovered evidence is highly discretionary. . . ."

The granting of a new trial, whether for newly-discovered evidence or other causes, is very much in the discretion of the trial court, and its order will not be reversed except for abuse of discretion. *Sweet v. Modern Woodmen,* 169 Wis. 462, 172 N. W. 143; *Walata v. State,* 180 Wis. 646, 193 N. W. 61; *Dugenske v. Wyse,* 194 Wis. 159, 215 N. W. 829. In *Sweet v. Modern Woodmen, supra,* the court said:

"The granting or refusing of a new trial on the ground of newly-discovered evidence is to some extent a matter of discretion on the part of the trial judge, and, *when in his discretion he denies the motion, it must be a clear case of mistake in the exercise of such discretion which will justify this court in reversing his order.*"

On the record here presented we cannot say that there was any abuse of discretion by the trial court in denying the motion of the plaintiff in error for a writ of *coram nobis.*

*By the Court.*—Order affirmed.