STATE, Respondent, vs. WAGNER, Appellant.

*June 6—June 21, 1939.*

*Bert J. Dandoy* of Milwaukee, for the appellant.

For the respondent there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, *Norris E. Maloney,* district attorney of Dane county, and *George Kroncke, Jr.,* special assistant district attorney, and oral argument by *Mr. Kroncke* and *Mr. Messerschmidt.*

MARTIN, J. Appellant was arrested on August 12, 1937, on a charge of carrying a concealed and dangerous weapon, to wit, an automatic pistol, in the town of Medina, in Dane county, Wisconsin. On the following morning a complaint was signed and a warrant issued out of said superior court. The record shows that appellant was brought before said court on the 13th day of August, 1937, and arraigned on the charge aforesaid. Appellant entered a plea of guilty to the charge, whereupon the court adjudged defendant (appellant) guilty and imposed a fine of $100 and costs, or in default of payment of said fine and costs, ordered that appellant be committed to the Dane county jail for not to exceed three months. Appellant paid said fine and costs, amounting in all to $105.95. On August 26, 1937, appellant filed in said court a motion accompanied by a petition to vacate and set aside the judgment and sentence of the court and for the return of the fine and costs paid. So far as the record discloses, no disposition was made of the motion to vacate and set aside the conviction and sentence. On March 12, 1938, appellant filed with said court a verified petition for a writ of error *coram nobis.* With said petition appellant filed his affidavit, the material part of which is as follows:

"Deponent further states that on the 13th day of August, 1937, he was before the superior court of Dane county, state of Wisconsin, Hon. ROY PROCTOR, Judge, presiding, on a complaint for carrying concealed weapons in Dane county,

state of Wisconsin, and that the records in the case set forth that he pleaded guilty of said charge and was found guilty by the court, and duly sentenced thereon. That deponent states that at all times, both before and after his conviction—the facts are that he denied ownership and possession of the weapon in question and denied his guilt at the time and place above set forth. Deponent further states that all of the proceedings had herein were held in the chambers of the court and that the clerk of said court should have entered a plea of not guilty for him under the facts as above set forth."

The state filed several counteraffidavits, some made by persons who were present in court at the time of appellant's arraignment for the purpose of testifying on behalf of the state. These affidavits, as well as the court record, show that appellant pleaded guilty of the offense with which he was charged. A hearing was had on appellant's application for a writ of error *coram nobis* on April 22, 1938. In this connection, the court docket entry is as follows:

"Apr. 22, 1938. An application for a writ of error *coram nobis* in behalf of the defendant, Henry H. Wagner, being brought on for hearing in this April term, 1938, and on April 22, 1938, and the said defendant appearing by Bert J. Dandoy, of Milwaukee, his attorney, and the state appearing by George Kroncke, Jr., assistant district attorney, for Dane county, and the defendant having filed an affidavit in his own behalf and the state having filed affidavits by George Kleinsteiber, Gerald Marek, and Lloyd A. Juve in opposition to said application and arguments having been presented by counsel,

"Now, therefore, on motion of George Kroncke, Jr., assistant district attorney for Dane county,

"It is ordered that the application for a writ of error *coram nobis* be and the same hereby is denied by the court."

Appellant argues:

"That where it appears from the record of the trial court itself without examining any facts outside of said record that a mistake of fact has been made and that said record does not record the facts as they actually existed at the time of the proceeding as in this case, that it should be mandatory upon the trial court to issue the writ."

It does not appear from the court record that any mistake of fact has been made in the instant case. The specific offense charged is clearly set forth. The record shows that upon his arraignment the complaint was read to the defendant; that he pleaded guilty thereto, and while there is no transcript of any testimony, the court docket entries disclose the names of several witnesses who testified on behalf of the state. While there was no occasion to take testimony in view of defendant's plea of guilty, obviously the testimony was taken so that the court might be fully advised in imposing a just and proper sentence. Appellant's petition is based entirely upon his statement that he did not enter a plea of guilty to the charge when arraigned before the court. This assertion is contrary to the court record and to the facts as set forth in the counteraffidavits filed by the state. In *Ernst v. State,* 181 Wis. 155, 158, 193 N. W. 978, the court said:

"Under our system of criminal procedure permitting a defendant to move for a new trial to test the correctness of the sentence by writ of error or by writ of *habeas corpus,* the granting of a writ of *coram nobis* should be exercised with the utmost caution and care by the trial court, and it should be granted only in cases where it quite clearly appears that an error of fact existed before judgment but for which error the judgment would not have been entered." To the same effect see *Gelosi v. State,* 218 Wis. 289, 260 N. W. 442.

In *Gelosi v. State, supra,* it is said at page 293:

"The distinction between an ordinary writ of error and a writ of error *coram nobis* is 'that the former is brought for a supposed error in law apparent on the record, and takes the case to a higher tribunal, where the question is to be decided and the judgment, sentence, or decree is to be affirmed or reversed, while the latter is brought for an alleged error in fact not appearing on the record and lies to the same court in order that it may correct the error which it is presumed would not have been committed had the fact in the first instance been brought to its notice.' "

In the instant case, the trial court had before it all the facts that it could possess or that were in any way relevant or ma-

terial in imposing judgment and sentence, namely, the specific offense charged and the appellant's plea of guilty thereto. In any event, appellant's petition for a writ of error *coram nobis* is based upon his own affidavit that he did not plead guilty when arraigned in the lower court, which alleged fact is contrary to the court record and is flatly denied by those making counteraffidavits on the part of the state, who allege that they were present in court for the purpose of testifying on the part of the state, and in which they state that appellant did plead guilty to the charge of carrying a concealed weapon. Upon a full hearing, and after arguments of counsel, the court denied the writ. It is a discretionary writ. *Ernst v. State, supra, Gelosi v. State, supra.* We find no error in the trial court's disposition of this case.

*By the Court.*—Order affirmed.