STATE, Respondent, vs. TURPIN, Appellant.

*June 10—July 12, 1949.*

*Joseph Aronstein* of New York City, for the appellant.

For the respondent there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, and *Leo P. Lownik,* district attorney of Richland county, and oral argument by *Mr. Platz* and *Mr. Lownik.*

HUGHES, J.    A writ of error *coram nobis* is a common-law remedy afforded on application to the trial court for the commission of error of fact not appearing on the record.    It is not an appellate writ since it goes to the court that tried the case.

In this case appellant's affidavit shows that he was arrested on August 18, 1945, and later arraigned before a justice, charged with the larceny of an automobile and its unlawful use. It is alleged that he was not informed by the police justice or any other person that he had a right to obtain counsel or have counsel assigned to defend him.    He was thereupon bound over to the county court, and on August 22, 1945, an information was filed in the county court charging larceny and illegal use of an automobile.    It is alleged in the affidavit that at the time of his arraignment the appellant was not informed by the judge or by anybody else that he was entitled to have counsel assigned to defend him if he was unable to secure his own counsel.    The charge was read to him and he pleaded guilty to both counts on the information because, as he affirms, he supposed that since the person arrested with him had taken the automobile without permission and since he was with him at the time the automobile was taken, he was guilty even though he did not know the illegal character of his host's possession; that he had never theretofore been convicted of a crime.    On

his plea affiant was found guilty and ordered to serve his sentences upon the two crimes consecutively.

There were subsequent commutations and on December 12, 1946, the applicant was permitted to go to New York on parole under supervision pursuant to sec. 57.13, Stats. While in New York he was indicted in 1947 for grand larceny and his Wisconsin parole was revoked. He pleaded guilty to the New York indictment and after serving to May 11, 1949, was released on parole and his Wisconsin parole reinstated. His New York parole will not expire until September, 1951.

Failure to appoint counsel for a defendant does not always constitute violation of due process. In *Townsend v. Burke* (1948), 334 U. S. 736, 739, 68 Sup. Ct. 1252, 92 L. Ed. 1231, the supreme court said:

"Only recently a majority of this court reaffirmed that the due-process clause of the Fourteenth amendment does not prohibit a state from accepting a plea of guilty in a noncapital case from an uncounseled defendant. *Bute v. Illinois,* 333 U. S. 640, 68 Sup. Ct. 763. In that, and in earlier cases, we have indicated, however, that the disadvantage from absence of counsel, when aggravated by circumstances showing that it resulted in the prisoner actually being taken advantage of, or prejudiced, does make out a case of violation of due process."

Assuming, without deciding, that the defendant's rights were violated by the acceptance of the plea of guilty without first appointing counsel or having a waiver, we are of the opinion that a writ of error *coram nobis* is not a proper remedy.

It has been held heretofore that *habeas corpus* affords a proper remedy where the time for appeal has expired. *State ex rel. Drankovich v. Murphy* (1946), 248 Wis. 433, 22 N. W. (2d) 540; *State ex rel. Wenzlaff v. Burke* (1947), 250 Wis. 525, 27 N. W. (2d) 475; *State ex rel. Lawrence v. Burke* (1948), 253 Wis. 240, 33 N. W. (2d) 242. We are of the opinion that it affords a complete remedy, and that a writ of

error *coram nobis* does not therefore lie. *State v. Dingman* (1941), 239 Wis. 188, 300 N. W. 244.

The writ of error *coram nobis* is discussed at length in *In re Ernst* (1923), 179 Wis. 646, 650, 192 N. W. 65, and the conclusion there reached:

"At the time of the adoption of the constitution the writs of error herein referred to had not been abolished but were still in existence, and while the proceedings have been regulated and modified, such writs have not been abolished. It therefore becomes plain that the common-law writ of error *coram nobis* is still in force in this state, excepting only where other remedies have been substituted."

The court then held that the application should have been made to the trial court and indicated that its issuance is not as of course but is discretionary.

For practical reasons the applicant should subject himself to the jurisdiction of the Wisconsin courts so that if he is entitled to a new trial he will be available when it is ordered. He has it within his power to surrender himself to the sheriff and sue out a writ of *habeas corpus*.

We cannot say that the trial court abused its discretion in refusing to grant the writ.

*By the Court.*—Order affirmed.