Houston, Plaintiff in error, v. State, Defendant in error.

*April 10—May 5, 1959.*

The cause was submitted for the plaintiff in error on the briefs of *Richard Houston pro se,* and for the defendant in error on the brief of the *Attorney General* and *William A. Platz,* assistant attorney general.

HALLOWS, J. The plaintiff in error urges only two grounds for the granting of his petition for writ of *coram nobis*: (1) That his counsel "conspired, conjured, and wilfully betrayed all rights of your petitioner, before, during,

and after the trial;" and (2) that Elizabeth Welbes, whom he assumed should have been a codefendant, testified under compulsion, coercion, and intimidation for the prosecution for the state resulting in perjured testimony and his ultimate conviction.

The writ of error *coram nobis,* also known as the writ of *coram nobis,* is an ancient common-law writ seldom used in the early practice in this state but which of late has been recognized by the courts, and in 1949 was expressly provided for by statute. *In re Ernst* (1923), 179 Wis. 646, 192 N. W. 65; 30 A. L. R. 681; Writ of Error Coram Nobis, 2 Wisconsin Law Review, 191; The 1949 Revision of the Wisconsin Code of Criminal Procedure, by William A. Platz, 1950 Wisconsin Law Review, 236; sec. 958.07, Stats. 1957; 42 W. S. A., p. 245.

The writ of *coram nobis* is a discretionary writ addressed to the trial court. Its principal aim is to afford the trial court an opportunity to correct its own record of an error of fact not appearing on the record, and which alleged error would not have been committed by the court had the matter been brought to the attention of the trial court. 2 R. C. L., p. 305, sec. 259. *In re Ernst* (1923), 179 Wis. 646, 192 N. W. 65, 30 A. L. R. 681. Where an error or question of fact appears on the record such question under our practice may be raised by writ of error. Where there is a remedy afforded by a writ of error or by appeal the writ of *coram nobis* will not lie. Likewise where the writ of *habeas corpus* affords a proper and complete remedy the writ of *coram nobis* will not be granted. *State v. Turpin* (1949), 255 Wis. 358, 38 N. W. (2d) 495. On an application for a writ of *coram nobis* the merits of the original controversy are not in issue and such a writ cannot be used for the purpose of obtaining a new trial on the grounds of newly discovered evidence relating to matters litigated at the trial. *In re Ernst* (1923), 179 Wis. 646, 192 N. W. 65.

The question on this appeal then is whether the trial court abused its discretion in denying the petition for the writ of *coram nobis*. The only support for the contention that the plaintiff in error's rights were betrayed by his counsel is the affidavit of Kathryn Mary Tagatz, who states that she paid counsel for the plaintiff in error the sum of $400 with the understanding that $100 was to be used to hire a handwriting expert. Apparently no handwriting expert was hired or at least called as a witness. The trial court in its opinion stated the record clearly showed that counsel, who was chosen by the plaintiff in error, performed a lawyerlike job throughout the entire trial, including the preliminary matters, and fully and completely protected the constitutional rights of the plaintiff in error. There are no facts stated in the plaintiff's petition to support his conclusion that his counsel "conspired or betrayed" any of his rights or that counsel is open to any of the criticism levied against him.

It does not appear what effect the testimony of a handwriting expert would have had. The plaintiff in error was not charged with forgery. An error to constitute a ground for the granting of the writ of *coram nobis* must not only be unknown to the court but would have prevented the judgment of the court. There is no such showing here. Where an error would not have changed the conviction because it was harmless it was held that the alleged insanity of a state's witness was not a ground for granting the writ. In *State v. Stelloh* (1952), 262 Wis. 114, 53 N. W. (2d) 700, certiorari denied, 344 U. S. 846, 73 Sup. Ct. 64, 97 L. Ed. 658; 345 U. S. 913, 73 Sup. Ct. 654, 97 L. Ed. 1347; 351 U. S. 987, 76 Sup. Ct. 1057, 100 L. Ed. 1500. The writ of *coram nobis* has been denied where the alleged error in fact was based entirely upon the petitioner's statement that he did not plead guilty and the court record showed a plea of guilty. *State v. Wagner* (1939), 232 Wis. 138, 286 N. W. 544. Unless it clearly appears that an error of fact existed

before judgment and but for such error the judgment would not have been entered, the writ of *coram nobis* should not be granted. *Ernst v. State* (1923), 181 Wis. 155, 193 N. W. 978; *Gelosi v. State* (1935), 218 Wis. 289, 260 N. W. 442.

The plaintiff in error contends as a second ground that one of the state's witnesses falsely testified under compulsion and intimidation. This contention is based on an unsworn letter from Rose Marie Thoman, who, the plaintiff in error states, is the same person as Elizabeth Welbes, a prosecuting witness. The language of this letter is equivocal and is subject to the interpretation that the writer told the truth at the trial and was sorry that the plaintiff in error was harmed thereby. The plaintiff in error's interpretation is that the writer of the letter did not testify to the truth and she was sorry she had not. This letter even if it were under oath falls far short of an admission of perjured testimony under compulsion by her parents. It cannot be construed that the writer perjured herself. So far as the record discloses, its only relevancy is based on the fact that the writer of the letter was apparently the person who cashed the forged checks for the plaintiff in error. There is no charge that any official or any other person representing the state of Wisconsin compelled, intimidated, or coerced the writer of the letter to testify in any manner.

Even if perjury were proven, this court has stated that the writ of *coram nobis* does not reach the question of perjury by a witness on a trial because the direct or implied finding by the jury or the court that the testimony of such witness was true is conclusive upon the hearing of the petition for the writ. *Ernst v. State* (1923), 181 Wis. 155, 193 N. W. 978. See also *State v. Superior Court* (1896), 15 Wash. 339, 46 Pac. 399; *State v. Dingman* (1941), 239 Wis. 188, 300 N. W. 244.

The plaintiff in error contends that at least the trial court should have held a hearing to determine the truthfulness of the allegations in his petition. Sec. 958.07, Stats. 1957, 42 W. S. A., p. 245, prescribes the procedure to be followed in granting the writ of *coram nobis* but the statute does not state the grounds for issuing the writ. Before the trial court can grant the writ sufficient grounds therefor must be clearly shown. Upon such a showing the petition and the writ shall then be served on the district attorney, who may move to quash the writ or make a return, or both. The trial court may then hear and determine the matter either upon affidavits submitted by the parties or upon testimony, or both, in its discretion. The trial court is under no duty to issue a writ of *coram nobis* and to try the issues thereon unless it is satisfied that the verified petition on its face shows sufficient grounds for the issuance of the writ and the necessity for a hearing thereon.

We conclude that the trial court did not abuse its discretion in denying the petition for the writ of *coram nobis*.

*By the Court.*—Order affirmed.