STATE, Respondent, v. KOPACKA, Appellant.

*March 4—April 12, 1966.*

For the appellant there were briefs and oral argument by *David L. Walther* of Milwaukee.

For the respondent the cause was argued by *Robert E. Sutton,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, *William A. Platz,* assistant attorney general, and *Hugh R. O'Connell,* district attorney.

GORDON, J. The trial court refused to entertain Mr. Kopacka's application for a writ of *coram nobis* and based that refusal upon our decision in *Houston v. State*

(1959), 7 Wis. (2d) 348, 96 N. W. (2d) 343. Unless this court is willing to retreat from its holding in *Houston,* the trial court must be affirmed. In *Houston,* this court stated, at page 352:

". . . the writ of *coram nobis* does not reach the question of perjury by a witness on a trial because the direct or implied finding by the jury or the court that the testimony of such witness was true is conclusive upon the hearing of the petition for the writ."

The appellant would appear to be on the horns of a dilemma. If he urges that the witness' perjury was so serious as to constitute a violation of his constitutional rights, then he is confronted by the fact that his contentions can be entertained on *habeas corpus.* We have held that an issue which can be reached by *habeas corpus* should not be considered on an application for *coram nobis.* We see nothing in *Mooney v. Holohan* (1935), 294 U. S. 103, 55 Sup. Ct. 340, 79 L. Ed. 791, 98 A. L. R. 406, or *Napue v. Illinois* (1959), 360 U. S. 264, 79 Sup. Ct. 1173, 3 L. Ed. (2d) 1217, which contradicts this interpretation. If, however, it is contended by the appellant that the imperfection did not affect due process but merely constituted an error at the trial, then the applicant would be bound by the reasoning of the *Houston Case,* and *coram nobis* would not be available to him.

Perhaps to avoid this dilemma, the appellant urges that we revise our standards as to *coram nobis* on grounds of public policy or, in the alternative, that we treat this application for *coram nobis* now on appeal to this court as the equivalent of an application for *habeas corpus.* Upon careful consideration, we have determined to deny both of the appellant's requests; however, we do not thereby purport to rule on the merits of an application for *habeas corpus* in the event an application for such a writ were to be subsequently submitted.

*By the Court.*—Order affirmed.