William G. JESSEN, Plaintiff in error-petitioner,

v.

STATE of Wisconsin, Defendant in error.

Supreme Court

*No. 78–054–CR. Argued March 5, 1980.—Decided April 1, 1980.*

(Also reported in 290 N.W.2d 685.)

208

For the plaintiff in error-petitioner there were briefs and oral argument by *Howard B. Eisenberg,* state public defender.

For the defendant in error the cause was argued by *David J. Becker,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

CONNOR T. HANSEN, J.   This case comes before us on a petition to review a decision of the court of appeals, issued on December 19, 1978, summarily affirming an order of the circuit court for Juneau county, ROBERT

F. PFIFFNER, Circuit Judge, denying the defendant's motion for postconviction relief pursuant to sec. 974.06, Stats.

Plaintiff in error-petitioner William G. Jessen (hereinafter defendant), the former chief deputy sheriff of Juneau county, was convicted of twenty-six counts of misconduct in public office (falsification of uniform traffic citations), contrary to sec. 946.12 (4), Stats., following a jury trial. The trial court denied the defendant's postconviction motion, finding that he was not a prisoner in custody under sentence of a court and therefore could not bring a motion under sec. 974.06. The court also ruled that the record conclusively showed that he was not entitled to any relief. The court of appeals affirmed on the ground that the defendant was not entitled to relief under sec. 974.06 because he was not in custody under sentence of a court. The court of appeals also held that persons no longer in custody are not foreclosed from a remedy, but that the proper remedy is a writ of error *coram nobis*. However, the court declined to consider whether the defendant was entitled to such relief under the factual allegations made by him, since the case was not on appeal from the refusal of the trial court to issue a writ of error *coram nobis*. We affirm.

The facts show that, following his conviction on June 5, 1973, the defendant was sentenced to a term not to exceed one year in the state prison on each of the twenty-six counts of misconduct in public office, such sentences to run concurrently. Execution of the sentence was stayed, and the defendant was placed on probation for a period of two years. On May 15, 1975, he was discharged from probation, effective June 5, 1975.

On June 2, 1978, the defendant filed a motion for postconviction relief under sec. 974.06, Stats., on the grounds that he had been denied due process of law as a result of the unconstitutional suppression of evidence by

the state. The documents in support of the motion indicate that on April 11, 1973, the trial court ordered the state to disclose and make available to the defendant exculpatory evidence which may have been obtained through an investigation by the office of the attorney general into the activities of the Juneau county sheriff's department "including but not limited to evidence concerning missing bond money, misplaced bond money, lack of adequate security of custodial places, and mishandling of evidence." On or about May 9, 1978, counsel for the defendant learned that the Wisconsin Department of Justice had information in its files which revealed that the former sheriff of Juneau county had "failed to hold an annual auction of items left at the sheriff's department for over one year and that he had kept a watch in his possession from a burglary." Such evidence was never made available to the defendant prior to trial.

The record also indicates that at the time the 974.06 motion was filed, the defendant was Chief of Police of the Village of Lyndon Station, Wisconsin, and the Law Enforcement Standards Board of the State of Wisconsin had begun an action for an alternative writ of mandamus against the Village of Lyndon Station seeking removal of the defendant from office because of his conviction for twenty-six counts of misconduct in public office. The defendant brought the postconviction motion in an attempt to have his conviction vacated and a new trial ordered so that there would no longer be any cause for removing him.

Sec. 974.06, Stats., in the portion pertinent to this review, provides:

"974.06 **Post-conviction procedure.** (1) After the time for appeal or post-conviction remedy provided in s. 974.02 has expired, a prisoner in custody under sentence of a court claiming the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this

state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

It is undisputed that, at the time of the filing of the motion for postconviction relief, the defendant had been discharged from probation. Thus, under the explicit provisions of sec. 974.06, Stats., there can be no question that the defendant was not entitled to petition for relief under that statute, since he clearly was not "a prisoner in custody under sentence of a court."

This court has on several occasions held that a trial court has no jurisdiction to entertain a 974.06 motion brought by a person who is not in custody under sentence of a court. In *State v. Theoharopoulos*, 72 Wis.2d 327, 330, 334, 240 N.W.2d 635 (1976), we stated the following in regard to a defendant's attempt to obtain relief under sec. 974.06:

"The facts are undisputed that, at the time of the filing of the motion for postconviction relief, the defendant was no longer under sentence, nor in custody under the sentence of the state court. On the face of it, therefore, it appears indisputable that the circuit court had no juridsiction to entertain the petition for relief.

". . .

"The result we reach here is admittedly pursuant to a rigid jurisdictional requirement, but it is one imposed upon the courts by the legislature. For jurisdiction, the prisoner must be in custody under the sentence of a state court."

This holding was reaffirmed in *Thiesen v. State*, 86 Wis.2d 562, 570, 571, 273 N.W.2d 314 (1979), and *State v. Schill*, 93 Wis.2d 361, 372, 373, 286 N.W.2d 836 (1980). We now state once again, and wish to make it clear, that the remedy provided in sec. 974.06 is available solely to those persons in custody under sentence of a court.

While holding that relief was not available to the defendant under sec. 974.06, Stats., the court of appeals held that the remedy for persons no longer in custody is a writ of error *coram nobis*. The state argues that the writ of error *coram nobis* was abolished in 1969 when the legislature repealed sec. 958.07, which provided the procedure to be followed in issuing the writ, and enacted sec. 974.06. The state contends that sec. 974.06 was intended to be a substitute for the writ of error *coram nobis*. We disagree.

The writ of error *coram nobis* is a common law remedy and was an established part of Wisconsin criminal procedure before it was recognized in the statutes. *State v. Turpin,* 255 Wis. 358, 38 N.W.2d 495 (1949), cert. den. 338 U.S. 936 (1950) ; *State v. Dingman,* 239 Wis. 188, 300 N.W. 244 (1941) ; *State v. Wagner,* 232 Wis. 138, 286 N.W. 544 (1939) ; *Gelosi v. State,* 218 Wis. 289, 260 N.W. 442 (1935) ; *Ernst v. State,* 181 Wis. 155, 193 N.W. 978 (1923) ; *In re Ernst,* 179 Wis. 646, 192 N.W. 65 (1923).

The writ of error *coram nobis* was given statutory recognition by the enactment of sec. 958.07, Stats., by ch. 631, sec. 146 of the Laws of 1949. That section provided :

"958.07   **Writ of error coram nobis.** The writ of error coram nobis may be issued by the trial court at any time upon the verified petition of the defendant showing sufficient grounds therefor, which may be supported by one or more affidavits. The petition and writ shall be served on the district attorney, who may move to quash the writ or make return thereto, or both. The court may hear and determine the writ either upon the affidavits submitted by the parties or upon testimony or both, in its discretion. The party aggrieved may have the determination of the trial court reviewed by the supreme court upon appeal or writ of error."

Sec. 958.07, Stats., prescribed the procedure to be followed in granting the writ of error *coram nobis* but did

not state the grounds for issuing the writ, leaving that aspect to be determined from the cases. *State v. Kanieski*, 30 Wis.2d 573, 576, 141 N.W.2d 196 (1966) ; *Houston v. State*, 7 Wis.2d 348, 353, 96 N.W.2d 343 (1959) ; Platz, *The 1949 Revision of the Wisconsin Code of Criminal Procedure*, 1950 Wis. L. Rev. 236. The Advisory Committee's comment to sec. 958.07 expressly acknowledged the fact that sec. 958.07 merely gave "statutory recognition to the common-law writ of error coram nobis."

Sec. 958.07, Stats., was repealed by ch. 255, Laws of 1969, the law which also enacted sec. 974.06. But contrary to the contention of the state, this law did not abolish the writ of error *coram nobis* or supplant it with sec. 974.06. A common law right which is embodied in statutory terms exists as an enforceable right exclusive of the statute declaratory of it, and therefore the right is not abrogated by the repeal of the statute. 1A Sands, *Sutherland Statutory Construction*, sec. 23.33, p. 280 (4th ed.) ; *City of Chippewa Falls v. Hopkins*, 109 Wis. 611, 616, 617, 85 N.W. 553 (1901). The writ of error *coram nobis* existed in the common law long before it was recognized by statute. Sec. 958.07 did nothing more than acknowledge the existence of the writ and provide a procedure to be followed in issuing the writ. Therefore, the repeal of sec. 958.07 did not abrogate the writ of error *coram nobis* and it remains a part of Wisconsin criminal procedure.

The writ of error *coram nobis* is of very limited scope. *State v. Kanieski, supra*, at 576. It is a discretionary writ which is addressed to the trial court. *State v. Randolph*, 32 Wis.2d 1, 3, 144 N.W.2d 441 (1966) ; *Houston v. State, supra*, at 350; *Ernst v. State, supra*, at 157. The purpose of the writ is to give the trial court an opportunity to correct its own record of an error of fact not

appearing on the record and which error would not have been committed by the court if the matter had been brought to the attention of the trial court. *Houston v. State, supra,* at 350; *Gelosi v. State, supra,* at 293, 294; *In re Ernst, supra,* at 648, 649. In order to constitute grounds for the issuance of a writ of error *coram nobis* there must be shown the existence of an error of fact which was unknown at the time of trial and which is of such a nature that knowledge of its existence at the time of trial would have prevented the entry of judgment. *Mikulovsky v. State,* 54 Wis.2d 699, 721, 196 N.W.2d 748 (1972); *Parent v. State,* 31 Wis.2d 106, 108, 109, 141 N.W.2d 878 (1966); *State v. Kanieski, supra,* at 576; *Houston v. State, supra,* at 351, 352; *Wilson v. State,* 273 Wis. 522, 527, 78 N.W.2d 917 (1956). The writ does not lie to correct errors of law and of fact appearing on the record since such errors are traditionally corrected by appeals and writs of error. *State v. Kanieski, supra,* at 576; *Houston v. State, supra,* at 350; *Ernst v. State, supra,* at 157; *In re Ernst, supra,* at 649. Likewise where the writ of *habeas corpus* affords a proper and complete remedy the writ of error *coram nobis* will not be granted. *Houston v. State, supra,* at 350; *State v. Turpin, supra,* at 360, 361. On an application for a writ of error *coram nobis* the merits of the original controversy are not in issue. *State v. Dingman, supra,* at 196.

Since this case was not appealed from an order denying a petition for a writ of error *coram nobis* and the court of appeals declined to review the merits of the defendant's claim, we do not decide whether the defendant's allegations entitled him to such relief.

*By the Court.*—The decision of the court of appeals is affirmed.