COURT OF APPEALS
DECISION
DATED AND FILED

March 20, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP355-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2015CF12

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

JEFFREY S. DECKER,

   DEFENDANT-APPELLANT.

APPEAL from orders of the circuit court for Winnebago County: JOHN A. JORGENSEN, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Jeffrey S. Decker appeals pro se from an order of the circuit court, contending the court erroneously denied without a hearing his petition for a writ of coram nobis requesting that he be allowed to withdraw his plea.  He also appeals from several orders denying his motions for reconsideration.

## *Background*

¶2     In 2015, Decker was charged with "Physical Abuse of a Child – Intentionally Caus[ing] Bodily Harm," a Class H felony, as well as four misdemeanor counts of bail jumping.  He eventually pled no contest to a reduced charge of recklessly causing bodily harm to a child, in violation of WIS. STAT. § 948.03(3)(b) (2021-22),[1] a Class I felony, and the four bail-jumping charges were dismissed and read in.

¶3     During his plea colloquy, Decker agreed there were sufficient facts in the criminal complaint to support his plea.  Those facts include a statement by Decker's ex-wife stating that Decker was watching their two children while she was out of the home, and when she returned, she noticed that their oldest son, the twelve-year-old victim in this case, had bruising and swelling on his face.  The boy was initially reluctant to tell her how he had sustained the injuries, but he eventually informed her that Decker had struck him in the face multiple times.  The responding officer himself observed "redness, bruising, and swelling around the [boy's] left cheek, left temple, and left eye, as well as a cylindrical round mark and redness and swelling around the right eye."  The boy explained to the officer how Decker had "started slapping him in the face [and] then grabbed one of his

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

legs and dragged him on his side and belly up the stairs." Once up the stairs, Decker slapped the boy again and eventually "punched him with a loosely balled fist." The boy told the officer that Decker's actions caused his nose to bleed and also did cause pain. Decker admitted to the officer that he had been in a physical disturbance with his son and admitted to pulling him up the stairs and physically restraining him. When the officer asked Decker if he had slapped, punched, hit or kicked his son, Decker responded, "I decline to answer that question."

¶4 At sentencing, Decker was ordered to serve two years of probation. Years later, in 2022, Decker filed a petition seeking a writ of coram nobis, requesting to withdraw his plea. The circuit court denied the petition without a hearing and subsequently denied two motions for reconsideration by Decker. Decker now appeals, challenging the court's denial of his petition.[2]

### Discussion

¶5 The writ of coram nobis, a common law remedy,

> is a discretionary writ of "very limited scope" that is "addressed to the [circuit] court." "The purpose of the writ is to give the [circuit] court an opportunity to correct its own record of an error of fact not appearing on the record and which error would not have been committed by the court if the matter had been brought to the attention of the [circuit] court."

*State ex rel. Patel v. State*, 2012 WI App 117, ¶12, 344 Wis. 2d 405, 824 N.W.2d 862 (quoting *Jessen v. State*, 95 Wis. 2d 207, 213-14, 290 N.W.2d 685 (1980)); *State v. Hadaway*, 2018 WI App 59, ¶1 n.1, 384 Wis. 2d 185, 918 N.W.2d 85. A

---

[2] Because Decker develops no arguments challenging the circuit court's denials of his reconsideration motions, we do not address them.

person seeking a writ of coram nobis must (1) "establish that no other remedy is available," and (2) "show[] the existence of an error of fact, which was unknown at the time of the plea and which is of such a nature that knowledge of its existence at the time would have prevented the entry of judgment." *Hadaway*, 384 Wis. 2d 185, ¶¶21-22 (quoting *State ex rel. Patel*, 344 Wis. 2d 405, ¶13). A petition must clear both hurdles. *See State ex rel. Patel*, 344 Wis. 2d 405, ¶20. In this case, Decker's petition fails to clear the second hurdle.

¶6 Decker grounds his petition on his contention that he did not know at the time of his plea "that he had an available affirmative defense of parental privilege" under WIS. STAT. § 939.45(5). This privilege serves as "a defense to prosecution" for a parent whose conduct constitutes "reasonable discipline" of his or her child. Sec. 939.45(5)(b). "Reasonable discipline," under the statute, "may involve only such force as a reasonable person believes is necessary." *Id.*

¶7 In his petition, Decker asserts his son had been exhibiting poor behavior, which Decker says led him "[i]n desperation" to "slap[] his son four times." Decker complains that his appointed counsel was ineffective because counsel never informed him that a defense asserting his conduct amounted to reasonable discipline was an option. He insists that had he been aware of such a defense, he "would have asserted it in court rather than pleading guilty to a felony." In brief, Decker appears to be asserting that had he known about this "reasonable discipline" defense, he would not have pled no contest but would instead have taken the matter to trial. He seems to suggest that his plea was not knowingly, voluntarily and intelligently made because he was not aware of this defense.

¶8      This "issue" goes nowhere for multiple reasons.  First, Decker completely fails to develop a legal argument in support of his assertion that his counsel provided him ineffective assistance and/or his plea was not knowingly, voluntarily, and intelligently entered.  *See Clean Wis., Inc. v. PSC*, 2005 WI 93, ¶180 n.40, 282 Wis. 2d 250, 700 N.W.2d 768 ("We will not address undeveloped arguments.").  Second, whether his counsel provided him ineffective assistance and whether his plea was knowingly, voluntarily and intelligently entered are legal issues not factual ones, *see State v. Savage*, 2020 WI 93, ¶25, 395 Wis. 2d 1, 951 N.W.2d 838 (ineffective assistance); *State v. Yates*, 2000 WI App 224, ¶4, 239 Wis. 2d 17, 619 N.W.2d 132 (knowing, intelligent and voluntary plea), and a writ of coram nobis addresses only factual errors not appearing on the record, *see Jessen*, 95 Wis. 2d at 213.  Third, if the court had been made aware at the time of the plea hearing that Decker had no knowledge of the reasonable discipline defense, the court merely would have educated Decker of the defense or ensured that his counsel did.  Lastly, the writ allows for a circuit court to correct "its own record of an error of fact not appearing on the record and which error would not have been committed *by the court* if the matter had been brought to the attention of the [circuit] court."  *Jessen*, 95 Wis. 2d at 213-14 (emphasis added).  Decker's contention identifies no "error of fact … committed by the court."[3]  *Id.*

¶9      Decker also asserts that when he entered his plea, he was under "the false impression that his son had intended to testify against him."  He asserts in his

---

[3] As to WIS. STAT. § 939.45(5) affording Decker the opportunity to present a "reasonable discipline" defense, we presume the circuit court was aware of the availability of this defense at the time of the plea.  *See Walton v. Arizona*, 497 U.S. 639, 653 (1990) (stating that in making their decisions, "[t]rial judges are presumed to know the law"), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 589 (2002).

5

petition that he learned post-plea that if his son had been called to testify, he would have attempted to testify in a manner supportive of Decker. Even if we assume for the sake of this appeal that Decker's assertions are true and his son would have, back in 2015, attempted to testify in support of Decker, that does not mean Decker's burden here has been met.

¶10 For Decker to prevail on his petition, he essentially has to establish that if it had been brought to the circuit court's attention at the time of the plea hearing that the son would attempt to testify in support of Decker if called as a witness at trial, the circuit court would not have accepted Decker's plea. *See Hadaway*, 384 Wis. 2d 185, ¶¶29, 31 ("Hadaway has presented clear and convincing evidence that if known by the [circuit] court, would have prevented it from accepting his guilty plea.… Had the [circuit] court known all the new facts related to Ellis and the presence of his DNA on Payne's body, it would have seriously and reasonably doubted whether there was a factual basis for Hadaway's plea.… The new facts would have prevented the [circuit] court from accepting his plea."). Decker's petition does not even come close to establishing this. Indeed, it is not at all uncommon for defendants to be convicted of domestic abuse charges even though the family-member victim recants or attempts to testify in the defendant's favor. If the son here attempted that, the responding officer merely would have testified to what the son had told him on the night of the assault by Decker. In addition, and significantly, the officer would have testified to the substantial injuries all over the boy's face and head. It is sheer speculation that Decker would not have pled to the charge if he had known at the time of his plea that his son would be willing to attempt to testify in his favor. Significantly, the court would not have hesitated to accept Decker's plea on the basis that his son might attempt to protect Decker if the matter went to trial.

¶11   Moreover, we note that Decker received the benefit of pleading to a less severe child abuse charge, having four misdemeanor bail-jumping charges dismissed, and the State recommending probation as part of the plea deal. Had Decker taken the matter to trial, there is a strong likelihood he would have been convicted of the more severe offense he was originally charged with, intentionally causing bodily harm to a child, a class H felony,[4] as well as the four bail-jumping charges. In light of the strength of the State's case, including the substantial injuries the officer observed on the boy's face and head the night of the assault and the boy's explanation to the officer at that time as to how they got there, Decker received a generous deal few reasonable people would have turned down. But again, the question is not whether Decker would have pled or not but whether there was a factual error committed by the court and whether had the court known the truth about that fact at the relevant time, it would not have entered judgment. Decker's petition does not come close to showing this.

¶12   Decker further claims he should be granted the writ in part because, at least before the circuit court, the State did not object to it. The State disputes Decker's contention in this regard, but even if it is accurate, Decker provides us with no legal support suggesting a writ should be granted on such a basis. According to the case law, whether to grant the writ is a discretionary decision of the circuit court. Even if the State did *now* support Decker's petition, or at least not object to it, its *current* position on the matter, years after Decker's plea, is

---

[4] Decker was originally charged with WIS. STAT. § 948.03(2)(b), which provides that "[w]hoever intentionally causes bodily harm to a child is guilty of a Class H felony." Based upon the facts in the complaint, it seems likely these elements could have been easily proven at trial, with or without the cooperation of Decker's son.

irrelevant and does not change the State's position on the matter at the time the plea was entered, which was fully known to the court and placed on the record.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.