STATE of Wisconsin, Plaintiff-Respondent,

v.

William BELL, Defendant-Appellant.†

Court of Appeals

No. 84–194. Submitted on briefs November 6, 1984.—
Decided December 12, 1984.
(Also reported in 362 N.W.2d 443.)

For the defendant-appellant, the cause was submitted on the briefs of *Donna L. Hintze,* assistant state public defender.

For the plaintiff-respondent, the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Marguerite M. Moeller,* assistant attorney general.

Before Brown, P.J., Nettesheim and Moser, JJ.

NETTESHEIM, J.   William Bell appeals from an order of the circuit court denying his motion for post-conviction relief pursuant to sec. 974.06, Stats. Specifically, Bell contends that his plea of no contest[1] to a

† Petition to review denied.

[1] While the judgment of conviction recites that a plea of guilty was entered to the charge, an examination of the transcript of the

charge of sexual intercourse with a child in violation of sec. 944.10(2), Stats. (1971),[2] was made in violation of the procedural requirements of *Ernst v. State,* 43 Wis. 2d 661, 170 N.W.2d 713 (1969). The trial court determined that Bell's plea was entered in keeping with the *Ernst* requirements. The trial court further held that Bell's sec. 974.06 motion was "untimely since it is eleven years after the fact."

We agree with the trial court that Bell's sec. **974.06,** Stats., motion was untimely and that the trial court was without subject matter jurisdiction to address Bell's petition. Therefore, we affirm.

Bell was sentenced on May 17, 1972, to an imposed and stayed three-year term in the Wisconsin state prisons. Bell was placed on probation for a period of three years. Included in the conditions of probation was a requirement that the first six months of probation be served as a period of confinement in the Kenosha county jail. In due course, Bell was discharged from probation. Thereafter, according to his sec. 974.06, Stats., petition, Bell was convicted of a crime in the state of Illinois and was sentenced to a maximum term of thirty years. Bell alleges that the Illinois court relied on the conviction in the instant case in choosing to impose the maximum term.

The issue on this appeal is whether Bell is "a prisoner in custody under sentence of a court" within the meaning of sec. 974.06(1), Stats., such that the trial court had subject matter jurisdiction over the post-conviction motion for vacation of the plea and conviction.[3]

---

proceedings at the time the plea was entered reveals that a plea of no contest was made to the charge.

[2] This statute has since been repealed.

[3] Section 974.06(1), Stats., provides as follows:

After the time for appeal or post-conviction remedy provided in s. 974.02 has expired, a prisoner in custody under sentence of a court claiming the right to be released upon the ground that

Bell's claim of standing to prosecute his sec. 974.06, Stats., motion flies directly in the face of *State v. Theoharopoulos,* 72 Wis. 2d 327, 334, 240 N.W.2d 635, 638 (1976), which states:

> The result we reach here is admittedly pursuant to a rigid jurisdictional requirement, but it is one imposed upon the courts by the legislature. For jurisdiction, the prisoner must be in custody under the sentence of a state court.

Bell, however, contends that he is in custody under the sentence of a state court, namely the Illinois state court. However, the following language from *Theoharopoulos* clearly indicates that our supreme court meant the sentencing court which imposed the sentence under attack when it utilized the phrase "state court":

> Similarly, *Blair v. United States* (10th Cir. 1965), 349 Fed. 2d 405, holds that a sec. 2255 motion does not lie unless the petitioner is in custody *under the sentence he desires to attack.* [Emphasis in original.]

*Id.*[4]

At the time he brought his sec. 974.06, Stats., postconviction motion, Theoharopoulos was in custody pursuant to a federal detainer for possible deportation from the United States as the result of his 1969 Wisconsin conviction for the unlawful sale of marijuana. Theoharopoulos had been placed on probation as a result

---

the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

[4] This rule has been reaffirmed in *State v. Schill,* 93 Wis. 2d 361, 372–73, 286 N.W.2d 836, 841–42 (1980), *Jessen v. State,* 95 Wis. 2d 207, 210–11, 290 N.W.2d 685, 687 (1980), and *Thiesen v. State,* 86 Wis. 2d 562, 570–71, 273 N.W.2d 314, 318–19 (1979). We acknowledge that these cases do not reveal the movants to be in custody.

of this conviction. Theoharopoulos, however, had already been discharged from this probation supervision prior to bringing his sec. 974.06 proceeding. While the supreme court acknowledged that Theoharopoulos' proceeding was not moot because of the linkage between his custody and the Wisconsin conviction, the supreme court nonetheless concluded that Theoharopoulos' discharge from probation rendered him not "in custody under sentence of a court" within the meaning of sec. 974.06(1). *Id.* at 329, 331, 240 N.W.2d at 636, 637.

Bell correctly points to *Banks v. United States,* 319 F. Supp. 649 (S.D. N.Y. 1970), as support for his claim that one need not be in custody pursuant to the sentence attacked in the post-conviction proceeding. *Banks,* however, presents only a cursory discussion of this issue and the decision discusses laches rather than jurisdiction. Furthermore, *Theoharopoulos* impliedly rejects *Banks* by instead turning to the *Blair* requirement that the petitioner must be in custody under the sentence he desires to attack. *Blair* has been cited with approval in the subsequent case of *United States v. Condit,* 621 F.2d 1096, 1098 (10th Cir. 1980).[5] Additionally, *United States v. Correa-De Jesus,* 708 F.2d 1283 (7th Cir.), *cert. denied,* —— U.S. ——, 104 S. Ct. 530, 78 L. Ed. 2d 712 (1983),

---

[5] We disagree with Bell's contention that *Condit* supports his position. Condit has been placed on probation by the Federal District Court of Oklahoma. Thereafter, his supervision was transferred to the Federal District Court in California. Upon revocation of his probation, Condit was sentenced by the California court to two years' imprisonment. The court of appeals concluded that Condit's motion to vacate his sentence was properly addressed to the Oklahoma court. Observing that "probation is merely one form of sentence," *Condit,* 621 F.2d at 1098 for purposes of 28 U.S.C. § 2255 (the federal equivalent of Wisconsin's sec. 974.06, Stats.), the court of appeals concluded that Condit's Oklahoma probation and subsequent California incarceration resulting from the revocation of that probation were directly related to the original Oklahoma sentence.

and *United States v. Darnell,* 716 F.2d 479 (7th Cir. 1983), *cert. denied,* —— U.S. ——, 104 S. Ct. 1454, 79 L. Ed. 2d 771, *reh'g denied,* —— U.S. ——, 104 S. Ct. 1935, 80 L. Ed. 2d 479 (1984), without citing *Blair,* adopt the same rationale.

Since Bell had been discharged from the period of probation imposed by the trial court, he was not "in custody under sentence of a court" within the meaning of sec. 974.06, Stats. Bell, therefore, did not satisfy one of the prerequisites for the vesting of subject matter jurisdiction to a sec. 974.06 proceeding. The trial court was without subject matter jurisdiction to hear Bell's motion and it properly dismissed his petition.

In light of the above holding, we are not required to address Bell's claim that his plea was taken in violation of the *Ernst* requirements.

*By the Court.*—Order affirmed.