COURT OF APPEALS
DECISION
DATED AND FILED

September 17, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2018AP1987**

Cir. Ct. No. **1994CM410611**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

   V.

JEFFREY EDWARD OLSON,

   DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: MICHAEL J. HANRAHAN, Judge. *Affirmed*.

¶1    BRASH, P.J.[1]   Jeffrey Edward Olson, *pro se*, appeals the trial court's order denying his postconviction motion for plea withdrawal.  Olson pled guilty to a charge of misdemeanor battery in 1994, and received a probation

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

sentence which was completed in 1997. He alleges his probation was extended without his knowledge, and that the Department of Corrections (DOC) is attempting to collect "supervision fees" from him for a time period when he was no longer on probation.

¶2      Wisconsin law clearly states that postconviction relief is available to defendants only while they are still confined under the sentence they are attacking; thereafter, the courts no longer have competency to hear such motions. We therefore affirm.

## BACKGROUND

¶3      The matter underlying this appeal is Olson's plea in December 1994. The trial court sentenced him to nine months in the House of Correction; that sentence was stayed, and Olson was placed on probation for two years. His probation term was to expire on December 5, 1996.

¶4      In November 1996, Olson's probation was extended for an additional six months "or until all court obligations [were] completed," to allow Olson time to satisfy the condition of paying all outstanding court costs and surcharges. He was subsequently discharged from probation in May 1997.

¶5      Olson filed a motion requesting an evidentiary hearing on November 4, 2016. He asserted that he was notified by the DOC in October 2016 that he owed $490 in unpaid supervision fees for a period of time between May 1996 and January 1998. Olson argued that he was not on probation during that time frame;

2

he stated that he was discharged from probation in April 1996,[2] and contended that he was never notified that his probation had been extended.

¶6    The trial court denied his motion on November 9, 2016, stating that Olson's sentence had long expired and that it has no jurisdiction over issues concerning DOC fees. Olson did not appeal that order.

¶7    Additional correspondence with the court followed over the next several years. Olson then filed another motion on September 10, 2018, that—broadly construed—requested the withdrawal of his guilty plea on grounds that the State had breached the plea negotiations by extending his probation.

¶8    The trial court denied that motion without a hearing on September 17, 2018. It stated that Olson could not raise postconviction claims for a sentence that had expired, citing ***State v. Bell***, 122 Wis. 2d 427, 362 N.W.2d 443 (Ct. App. 1984). It further observed that Olson's "real complaint" was with the DOC regarding the supervision fees, again noting that it has no jurisdiction over such matters. This appeal follows.

## DISCUSSION

¶9    Whether a postconviction motion "alleges sufficient facts that, if true, would entitle a defendant to relief is a question of law" that appellate courts review *de novo*. ***State v. Burton***, 2013 WI 61, ¶38, 349 Wis. 2d 1, 832 N.W.2d 611. "However, if the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively

---

[2] Olson also states in this motion that his probation was revoked in April 1996, and that he then served "approximately 35-45 days" in jail.

demonstrates that the defendant is not entitled to relief, the [trial] court has the discretion to grant or deny a hearing." *Id.* (citations omitted).

¶10    Olson is not entitled to relief for the issue he raises in his motion as a matter of law.  In the first place, the facts he alleges are not accurate.  He asserts that his probation sentence was extended without his knowledge; however, the record contains the order—which was *signed by Olson*—that extended his probation for six months or until all conditions of his probation were satisfied.

¶11    That extension order further notes that Olson's original term of probation was to expire on December 5, 1996.  In contrast, Olson alleges in his motion that he was discharged from his probation in June 1996 "after completing 30 or so days … in jail."[3]  However, the original term of Olson's probation would not have expired for approximately six months *after* Olson alleges that he was "discharged."   Furthermore, the record contains the DOC notice that formally discharged Olson from his probation sentence for this case on May 14, 1997.

¶12    Thus, the record clearly demonstrates that Olson was notified of the extension to his probation term, notwithstanding his allegation to the contrary.  It also firmly establishes Olson's probation dates for this case, which conflict with Olson's allegations that he was discharged from probation in June 1996 and that the DOC wrongly charged him with supervision fees for a time frame when he was not on probation.

---

[3] Olson appears to use the terms "discharged" and "revoked" interchangeably, as he previously stated that he was "discharged" in April 1996, then subsequently stated that his probation had been revoked in April 1996 and that he had then served "approximately 35-45 days" in jail.  In any event, there is nothing in the record indicating that Olson was discharged from probation at any time in 1996.

¶13 Setting aside these fundamental factual inaccuracies, the court no longer has competency to hear any postconviction motions on this matter. WISCONSIN STAT. § 974.06, which outlines the procedure for obtaining postconviction relief, states that such relief may be sought by "a prisoner in custody under sentence of a court[.]" *See* § 974.06(1). That language has been interpreted by this court to be "one of the prerequisites for the vesting of subject matter jurisdiction to a [§] 974.06 proceeding." *Bell*, 122 Wis. 2d at 431.

¶14 In fact, in *Bell* we specifically addressed this issue as it related to a defendant who sought postconviction relief after being discharged from probation. *Id.* at 428. We held that since that defendant had already been discharged from the term of probation imposed in that case, "he was not 'in custody under sentence of a court' within the meaning of [WIS. STAT. §] 974.06" and, as a result, "[t]he trial court was without subject matter jurisdiction to hear [that defendant]'s [postconviction] motion."[4] *Id.* at 431. We therefore affirmed the trial court's dismissal of the motion. *Id.*

¶15 Based on *Bell*, we reach the same conclusion here. Olson was discharged from probation in this matter over twenty years ago. Pursuant to WIS. STAT. § 974.06, the courts no longer have competency to consider requests for

---

[4] Older cases often made reference to courts lacking subject matter jurisdiction when statutory mandates were not met; in fact, subject matter jurisdiction is conferred by the Wisconsin Constitution, and thus a trial court "is never without subject matter jurisdiction." *Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶¶1, 8, 273 Wis. 2d 76, 681 N.W.2d 190. However, the "failure to comply with a statutory mandate pertaining to the exercise of subject matter jurisdiction may result in a loss of the [trial] court's competency to adjudicate the particular case before the court." *Id.*, ¶9. Put another way, the competency of the court "addresses its ability to undertake a consideration of the specific case or issue before it. The legislature confers a [trial] court's lesser powers, otherwise characterized as the court's 'competency.'" *State v. Minniecheske*, 223 Wis. 2d 493, 497-98, 590 N.W.2d 17 (Ct. App. 1998) (citation omitted).

postconviction relief in this case. *See **Bell***, 122 Wis. 2d at 431. Therefore, we affirm the trial court's order denying Olson's motion for plea withdrawal.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.