STATE, Respondent, v. KANIESKI, Appellant.*

*March 4—April 12, 1966.*

* Motion for rehearing denied, without costs, on June 23, 1966.

574

For the appellant there was a brief and oral argument by *Leon S. Schmidt* of Wisconsin Rapids.

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *William A. Platz,* assistant attorney general.

HALLOWS, J. The writ of *coram nobis* is a common-law remedy of very narrow scope in this state and was given statutory recognition and preserved by sec. 958.07, Stats., in 1949. In the recent case of *Fritz v. State* (1964), 25 Wis. (2d) 91, 95, 130 N. W. (2d) 279, we stated:

"The type of error that may be reached by *coram nobis* was comprehensively considered in *Houston v. State* wherein it was stated:
" 'An error to constitute a ground for the granting of the writ of *coram nobis* must not only be unknown to the court but would have prevented the judgment of the court. . . . Unless it clearly appears that an error of fact existed before judgment and but for such error the judgment would not have been entered, the writ of *coram nobis* should not be granted.' "

Under common law and under sec. 958.07, Stats., the granting of the writ of *coram nobis* by the trial court is discretionary and the statute does not provide what grounds are necessary for its issuance. From our previous decisions, it is clear the limited scope of the writ encompasses only errors of fact outside the record which are unknown to the trial court and which if known would have prevented the entry of judgment. Fairchild, Post Conviction Rights and Remedies in Wisconsin, 1965 Wisconsin Law Review, 52. The original and the present purpose of the writ of *coram nobis* is to secure relief from the trial court, not this court, for such errors and to correct the record when no other remedy exists. *In re Ernst* (1923), 179 Wis. 646, 192 N. W. 65. Consequently, the writ does not lie to correct errors of law and of fact appearing on the record since such errors are traditionally corrected by appeals and writs of error. *Ernst v. State* (1923), 181 Wis. 155, 193 N. W. 978; *Houston v. State* (1959), 7 Wis. (2d) 348, 96 N. W. (2d) 343. Jurisdictional errors have traditionally been reviewable by *habeas corpus* when an appeal or writ of error was not available and recently we have

enlarged the scope and purpose of that writ to review violations of substantial constitutional rights both as a postconviction and a preconviction remedy. *State ex rel. Goodchild v. Burke* (1965), 27 Wis. (2d) 244, 133 N. W. (2d) 753; *Wolke v. Fleming* (1964), 24 Wis. (2d) 606, 129 N. W. (2d) 841; *Babbitt v. State* (1964), 23 Wis. (2d) 446, 127 N. W. (2d) 405; *State ex rel. Burnett v. Burke* (1964), 22 Wis. (2d) 486, 126 N. W. (2d) 91; *State ex rel. Casper v. Burke* (1959), 7 Wis. (2d) 673, 97 N. W. (2d) 703. Of course, the motion for a new trial has been available as well as an appeal or writ of error for violations of constitutional rights appearing on the record.

No issue is raised on this appeal that the application for the writ of *coram nobis* was made twelve years after conviction. On that problem, see Anno. Delay as affecting right to coram nobis attacking criminal conviction, 62 A. L. R. (2d) 432. The issue then on this appeal is whether or not the trial court abused its discretion in denying the writ on the ground no error of fact outside the record was shown.

As the first error, the defendant alleges this court denied him a review or an appeal from his conviction but the record does not show any appeal was ever taken to this court. Assuming, however, the defendant made an application for appointment of counsel to prosecute an appeal or a writ of error under sec. 957.26 (3), Stats., such application could have been denied under our "pre-*Douglas*" practice because this court was not satisfied the review was sought in good faith and upon reasonable grounds and the denial would not appear in this record. If such is the defendant's contention, the denial was not an error or a mistake of fact unknowingly existing at the time of the entry of judgment below but would constitute a postconviction violation of the constitutional right to counsel on appeal under *Douglas v. California* (1963), 372 U. S. 353, 83 Sup. Ct. 814, 9

L. Ed. (2d) 811. Such alleged error is not within the scope of the writ of *coram nobis* in the trial court as it is not a mistake of fact which if known to the court would have prevented the rendition of the judgment.

Likewise, the alleged denial of an appeal by the trial court is without merit. In the affidavit of the trial counsel in support of the petition, it is stated no appeal or writ of error was taken to this court because he was informed by the trial court there was no way for that court to appoint him and to pay for his services. Whether this was true or not in view of sec. 957.26, Stats., the alleged denial is not an error of fact existing prior to judgment and thus within the scope of the writ.

The defendant also contends he was denied counsel at a John Doe proceeding. It appears in the record the defendant was called as a witness in a John Doe proceeding investigating the death of Clara Bates and during the hearing the "accusatorial stage" of the defendant was reached. The record shows the defendant several times during the hearing was advised of his right to remain silent and that his testimony might be used against him. He did not request counsel but he now argues the request for counsel is not required and the advice given by the magistrate was inadequate or at least ineffectual. A reading of the transcript of the testimony of the John Doe hearing discloses the defendant made no admissions and in fact denied any guilt. On page 17 of the defendant's brief it is admitted the defendant made no confession but he now questions whether he was effectually apprised of his constitutional rights. This argument, no doubt, flows from the fact the defendant did not heed the advice. However, not following advice and understanding are not necessarily synonymous. We stated in answer to a similar argument in *Wolke v. Fleming, supra,* that assuming a defendant while a suspect should not be interrogated without warn-

ing or advice that he was a suspect, then his testimony was illegally obtained and the question of its use could be raised by a proper motion to suppress under sec. 955.09, Stats. Besides, if we view this error as involving a violation of the defendant's constitutional rights, it is reviewable by *habeas corpus*, not by the limited remedy of *coram nobis*.

The defendant also contends that portions of his testimony taken at the John Doe proceeding were used against him at the preliminary hearing. He contends sec. 354.025, Stats. 1951, prohibits testimony taken at the John Doe hearing from being open to inspection unless it was used at the trial of the accused, and then only to the extent that it was so used. At the rather extensive preliminary hearing the defendant was represented by counsel who objected to the admission of the defendant's John Doe testimony. If it were error to admit this testimony at the preliminary hearing, the error is one of law and not of fact and, consequently, not within the scope of the writ.

Lastly, the defendant argues that even if the writ of *coram nobis* is not the correct remedy as compared to the writ of *habeas corpus*, this court should consider the merits of his contentions and grant relief. The defendant confuses the use of the writ of *habeas corpus* at the trial-court level which must be brought prior to final judgment, sec. 292.01, Stats., and the use of the writ of *habeas corpus* in this court after sentence to the state prison, sec. 292.03. Since the relief afforded by *habeas corpus* has been enlarged and the writ has become the proper remedy in this court to attack collaterally a judgment of conviction obtained in violation of fundamental constitutional rights, we see no reason why this writ should not be required to be used for such purpose.

*By the Court.*—Order affirmed.