HANSEN, Plaintiff in error, v. STATE, Defendant in error.

*January 9—January 31, 1967.*

For the plaintiff in error there were briefs by *Schwemer & Schwemer* of Milwaukee, and oral argument by *Paul E. Schwemer.*

For the defendant in error the cause was argued by *Robert E. Sutton,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Hugh R. O'Connell,* district attorney.

HEFFERNAN, J.   All of the errors that defendant complains about are of record. Therefore, *coram nobis* is not available to the defendant. We have said:

". . . it is clear the limited scope of the writ encompasses only errors of fact outside the record which are unknown to the trial court and which if known would have prevented the entry of judgment." *State v. Kanieski* (1966), 30 Wis. (2d) 573, 576, 141 N. W. (2d) 196.

The defendant failed to appeal from the denial of his motion to withdraw the plea of guilty. His other allegations are, in effect, claims that he was denied due process, and we have pointed out that relief in such a case is afforded by *habeas corpus.* We stated in *State v. Kanieski, supra,* at page 579, that:

"Since the relief afforded by *habeas corpus* has been enlarged and the writ has become the proper remedy in this court to attack collaterally a judgment of conviction obtained in violation of fundamental constitutional rights, we see no reason why this writ should not be required to be used for such purpose."

The writ of error *coram nobis* was properly denied.

Prior to filing this petition, the defendant came before this court on a writ of *habeas corpus* filed July 27, 1964, involving this very case and raising, among others, the precise allegations set forth in the instant writ of error *coram nobis.* Those issues were decided adversely to the defendant, and on November 4, 1964, we made the finding that there was "no merit to the petitioner's contentions that his rights were violated," and the petition for a writ of *habeas corpus* was denied. While the errors alleged are of a nature that would ordinarily fall within the remedy of *habeas corpus,* those issues raised have already been decided adversely to the defendant in this court. The trial court did not abuse its discretion in denying the writ of error *coram nobis.*

*By the Court.*—Order affirmed.