STATE EX REL. KELLEY, Appellant, v. POSNER, Municipal Judge, and another, Respondents.

Court of Appeals

*No. 79–115. Submitted on briefs July 5, 1979.—*
*Decided July 13, 1979.*
(Also reported in 282 N.W.2d 633.)

For the appellant the cause was submitted on the brief of *Jack V. Silbar* of Milwaukee.

For the respondents the cause was submitted on the brief of *George D. Prentice,* city attorney of Glendale.

Before Decker, C. J., Cannon, P. J., and Moser, J.

CANNON, P. J.  On September 8, 1978, the appellant, John S. Kelley, was arrested for operating a motor vehicle while under the influence of an intoxicant, in violation of city of Glendale, Wis. Ordinance 346.63(1). Kelley was released without any deposit or bond being posted.

■

On November 16, 1978, Kelley deposited $225 with the city of Glendale Police Department, and was given a paper in recognition of this amount entitled "Bail Receipt." On November 27, 1978, Kelley filed a petition for a writ of habeas corpus against John Pierson, the Chief of Police and Herman Posner, a Glendale municipal judge, alleging that the citation and complaint had restrained him of his liberty, and that the ordinance under which he had been charged had not been properly enacted into law by the city of Glendale.

An order granting the writ of habeas corpus was issued on November 28, 1978, and a hearing date was set for December 4, 1978. On December 8, 1978, an order was issued dismissing Judge Posner from the action. In a memorandum decision dated December 14, 1978, the court ordered the writ of habeas corpus quashed. The court noted that since Kelley was not in prison for the offense, and was presently free on bail, Kelley was not "restrained of his liberty" so as to entitle him to a writ of habeas corpus. Therefore, the court found that it had no jurisdiction to hear the matter. Kelley appeals from these orders.

■

Judicial errors involving jurisdiction have traditionally been reviewable by a petition for habeas corpus, when an appeal or writ of error were not available. In Wisconsin, the writ of habeas corpus may be employed to review violations of substantial constitutional rights, not only as a postconviction remedy, but as a preconviction remedy as well. *See State v. Kanieski*, 30 Wis.2d 573, 577, 141 N.W.2d 196 (1966).

In this case, by his writ of habeas corpus, Kelley contends that the municipal court had no jurisdiction to issue the complaint against him, since he alleges the ordinance under which he was charged was not constitutionally promulgated. After reviewing the record in this

matter, we conclude that the trial court properly quashed the writ of habeas corpus, because Kelley was not "detained," as that word is used in the Wisconsin habeas corpus statutes.

Section 292.01(1), Stats., states: "Every person restrained of his liberty may prosecute a writ of habeas corpus to obtain relief from such restraint. . . ." Whether posting bail involves such a substantial detention as to allow a habeas corpus action is disputed in various jurisdictions. For instance, see the majority and minority views listed in "Right of one at large on bail to writ of habeas corpus," Annot., 77 A.L.R.2d 1307 (1961). However, in this case, Kelley did not post bail; although he received a receipt titled "Bail Receipt" from the city of Glendale Police Department, we find that designation was a misnomer. Bail can be defined as any formal device to release a prisoner upon giving security that he will attend, and abide the result of, future proceedings. In this case, what Kelley posted would be more properly called a deposit receipt. Section 345.255, Stats., notes:

A person arrested . . . for the violation of a traffic regulation . . . shall be permitted to make a deposit any time prior to the court appearance date. The deposit shall be made in person or by mailing it to the clerk of the court of the county in which the alleged violation occurred.

The making of the deposit is very similar to the procedure noted in sec. 809.11, Stats., where, "[t]he defendant may, instead of giving a [bail] bond, deposit with the sheriff the amount mentioned in the order [for arrest]. The sheriff shall thereupon give the defendant a certificate of the deposit, and release him." See secs. 345.26 and 345.37, Stats.

Since a failure to appear in court operates as a plea of no contest, and a forfeiture of the deposit, sec. 343.37,

Stats., the action is fundamentally distinguishable from that which is normally involved in a proceeding where bail is involved. In a situation where a defendant posts bail, but fails to appear on the hearing date, the normal procedure is for the bail to be forfeited, and for the defendant then again to be arrested for failing to appear in court. In addition, a person on bail is normally not allowed to leave the jurisdiction of the court, at least without prior approval. But when only a deposit is made, there is no restraint on the defendant. The failure to appear in court merely creates a forfeiture of the money deposited; the failure to appear works as a no contest plea and generally a final adjudication of the action.[1] In addition, and more importantly, there is no statutory power provided, whereby the court is vested with the authority to restrict the defendant's travel plans in any way whatsoever. Therefore, the writ of habeas corpus was properly quashed, since there has been no showing that the defendant was in any way "detained" as is required by sec. 292.01, Stats.

Kelley also contends that the court improperly dismissed Judge Posner as a necessary party to the action. It is not necessary for this court to decide this issue, since we have held that the writ was properly quashed. However, we note that since a municipal judge does not have actual physical custody over a prisoner, as is required for a habeas corpus action, see sec. 292.08 (1), Stats., Kelley's argument on this point is meritless.

*By the Court.*—Orders affirmed.

---

[1] We recognize, however, that even here the court retains the power to issue a summons and warrant to assure an appearance by the defendant in court under ch. 968. Sec. 345.37(2), Stats.