**COURT OF APPEALS
DECISION
DATED AND FILED**

**January 25, 2022**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2019AP430**

Cir. Ct. No.  2004JV7A

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT III**

IN THE INTEREST OF S. C. M., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

   PETITIONER-RESPONDENT,

 V.

S. C. M.,

   RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Trempealeau County: RIAN RADTKE, Judge. *Affirmed*.

¶1    HRUZ, J.[1]  Seth,[2] pro se, appeals an order denying his petition for writ of *coram nobis*.[3]  Seth argues that several errors of fact existed when the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

circuit court accepted his pleas and issued a dispositional order. He contends that the court would not have accepted his pleas had it known that he made the incriminating statements giving rise to the delinquency petition during treatment, or that he was not aware that he could seek to suppress such statements under "doctor-patient confidentiality." He also argues that the delinquency petition and the dispositional order contained errors. We affirm.

## BACKGROUND

¶2    In 2004, Seth was adjudicated delinquent in a prior juvenile case for first-degree sexual assault of a child, and he was placed at Lincoln Hills School in the serious juvenile offender program. In January 2006, a treatment specialist at Lincoln Hills School filed a "Report of Suspected Child Abuse" with Trempealeau County ("the County"), stating that Seth wrote a statement that he had "sexually assaulted a boy" and "offended on 7 additional victims." The State later filed a delinquency petition in November 2006, alleging ten counts of sexual assault of a child under thirteen years of age, pursuant to WIS. STAT. § 948.02(1). The petition alleged that the County "received a report from Lincoln Hills School staff that [Seth] admitted to sexual abuse of eleven children in addition to the victim for which he is incarcerated at Lincoln Hills."

¶3    Pursuant to a plea agreement, Seth admitted to four counts of sexual assault of a child under thirteen years of age. Seth subsequently signed a plea

---

[2] For ease of reading, we refer to the appellant in this confidential appeal using a pseudonym, rather than his initials.

[3] The Honorable John A. Damon presided over Seth's delinquency adjudications in 2004 and in 2007. The Honorable Rian W. Radtke presided over Seth's petition for writ of *coram nobis*.

questionnaire and waiver of rights form. Before the circuit court issued a dispositional order, the County filed a dispositional report, which described, among other things, Seth's prior delinquency adjudication, his treatment at Lincoln Hills School, and the circumstances under which Seth admitted to additional offenses and victims. In March 2007, the court found Seth delinquent, and it again placed him at Lincoln Hills School in the serious juvenile offender program.[4]

¶4    In October 2018, Seth filed a pro se "Notice of Motion and Motion for Writ of Error *Coram Nobis*."[5]   Seth alleged that during his court-ordered sex offender treatment, his therapist "insisted that I must admit to any other crimes [that] I committed in order to complete treatment and [to] be eligible for release. At her request, I completed detailed written statements." Seth further alleged that after submitting his statements to his therapist, his therapist said that she had a duty to report the additional offenses, and she subsequently sent the statements to law enforcement. Seth argued that his therapist did not have a duty to report the offenses, and that his statements were subject to "doctor-patient privilege." He

---

[4] The record does not contain a transcript from Seth's plea hearing or the subsequent disposition hearing. The scope of our review is confined to the record made available to us. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (1992).

[5] Although labeled as a "motion," we liberally construe Seth's pro se filing as a petition for writ of *coram nobis*. *See Amek Bin-Rilla v. Israel*, 113 Wis. 2d 514, 520-21, 335 N.W.2d 384 (1983) (recognizing that "*pro se* prisoner complaints, whether offered in petition or any other form, … must be construed liberally to determine if the complaint states any facts giving rise to a cause of action"). The averments in a petition for writ of *coram nobis* are to be taken as true. *State v. Hadaway*, 2018 WI App 59, ¶18, 384 Wis. 2d 185, 918 N.W.2d 85. Seth appears to make additional allegations in his briefing to this court, but we need not address those allegations because the circuit court never had an opportunity to consider them. *See State v. Raye*, 2005 WI 68, ¶24, 281 Wis. 2d 339, 697 N.W.2d 407 (issues not preserved at the circuit court will generally not be considered on appeal). Our analysis is therefore limited to the averments in Seth's petition.

also alleged that he thought his written statements were part of the treatment process, and that he did not know that he could seek to prevent the disclosure of those statements in his related delinquency proceedings. Seth contended that the circuit court would not have found that he knowingly, intelligently and voluntarily entered his pleas had it known that Seth admitted to the offenses during treatment.

¶5 In addition, Seth argued that the delinquency petition was defective for failing to "cite the appropriate law." He also argued that the dispositional order improperly placed him in the serious juvenile offender program for more time than is permitted by statute. In particular, he alleged that he was held in a Type 1 juvenile correctional institution for an additional 715 days beyond the purported three-year limit.

¶6 In a written order, the circuit court denied Seth's petition, concluding that Seth's arguments did not involve factual errors but, rather, involved legal conclusions that could not be "addressed under a writ of error coram nobis." Seth now appeals.

**DISCUSSION**

¶7 The writ of *coram nobis* "is of very limited scope," and it gives "the trial court an opportunity to correct its own record of an error of fact not appearing on the record and which error would not have been committed by the court if the matter had been brought to the attention of the trial court." *Jessen v. State*, 95 Wis. 2d 207, 213-14, 290 N.W.2d 685 (1980). To obtain a writ of *coram nobis*, a petitioner must establish: (1) that "no other remedy is available"; and (2) that there was "an error of fact which was unknown at the time of [the plea] and which is of such a nature that knowledge of its existence at the time ... would have prevented the entry of judgment." *See State ex rel. Patel v. State*, 2012 WI App

117, ¶13, 344 Wis. 2d 405, 824 N.W.2d 862 (alterations in original; citation omitted). "The writ does not 'correct errors of law and of fact appearing on the record since such errors are traditionally corrected by appeals and writs of error.'" *Id.* (citation omitted).

¶8    "Unless it clearly appears that an error of fact existed before judgment and but for such error the judgment would not have been entered, the writ of *coram nobis* should not be granted." *State v. Kanieski*, 30 Wis. 2d 573, 576, 141 N.W.2d 196 (1966) (citation omitted). Although a circuit court has discretion to grant a writ of *coram nobis*, we may independently review the petition to determine whether, as a matter of law, there is any legal basis for the court's exercise of discretion. *State v. Heimermann*, 205 Wis. 2d 376, 386-87, 556 N.W.2d 756 (Ct. App. 1996).

¶9    It is undisputed that no other remedy is available to Seth because he is no longer in custody under the dispositional order, which expired in March 2012. *See Patel*, 344 Wis. 2d 405, ¶13. Seth has therefore met the first requirement for a writ of *coram nobis*.

¶10    As to the second requirement, Seth argues that several potential errors of fact existed. He first argues that two factual errors involving the "doctor-patient privilege" existed at the time the circuit court accepted his pleas: (1) the court did not know that he made incriminating statements during the course of his sex offender treatment; and (2) the court did not know that he was never informed that he could seek to suppress those statements by claiming the "doctor-patient privilege."[6] Seth contends that if the court had known these facts,

---

[6]  WISCONSIN STAT. § 905.04(2) provides:

(continued)

5

it would not have found that he knowingly, intelligently and voluntarily entered his pleas. We address each of these alleged factual errors in turn.

¶11    As an initial matter, it seems highly questionable whether any error of fact existed regarding what the circuit court knew about Seth's statements during treatment. In fact, the court may have known that Seth admitted to the offenses during treatment before accepting his pleas. As the State correctly points out, the delinquency petition stated that the offenses were reported by a Lincoln Hills School staff member. The same circuit court judge presided over Seth's delinquency adjudication in 2004; therefore, the court would have likely known that Seth was at Lincoln Hill School for sex offender treatment. Moreover, although the dispositional report was filed after Seth entered his pleas, it was filed before the court issued the dispositional order, and the report contained numerous references to the circumstances in which Seth admitted to the offenses. Specifically, the report noted that "[Seth] admitted to these offenses in therapy." Under these facts, it seems questionable whether any error of fact existed regarding what the court knew about Seth's statements. Given the time that has passed since the applicable delinquency petitions, as well as the absence of relevant documents from those proceedings in the current record, *see supra*, ¶3 & n.4, we are unable to further ascertain the specifics of these events.

> A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made or information obtained or disseminated for purposes of diagnosis or treatment of the patient's physical, mental or emotional condition, among the patient, … the patient's psychologist, the patient's social worker, … the patient's professional counselor or persons, including members of the patient's family, who are participating in the diagnosis or treatment under the direction of the … psychologist, social worker, … or professional counselor.

¶12    Even if the circuit court did not know that Seth admitted to the additional offenses during treatment, that fact, if known, would not have prevented the court from accepting Seth's pleas and issuing a dispositional order.  To comport with the Due Process Clause of the United States Constitution, a guilty or no-contest plea must be knowing, intelligent and voluntary.  **State v. Pegeese**, 2019 WI 60, ¶21, 387 Wis. 2d 119, 928 N.W.2d 590.  To ensure that a plea is knowing, intelligent and voluntary, a circuit court must fulfill several statutory and common law duties.  **Id.**

¶13    The fact that Seth admitted to additional offenses during treatment, however, does not undercut any of the circuit court's required inquiries into whether Seth knowingly, intelligently and voluntarily entered his pleas.  *See id.*, ¶23.  For example, a factual basis still existed to support the pleas because Seth admitted on his plea questionnaire that he "intentionally had sexual contact or intercourse with a child under the age of 13 and [he] had the sexual contact for the purpose of sexual arousal or gratification."  *See* WIS. STAT. §§ 948.02(1), 948.01(5) (2005-06).  Furthermore, the court had no independent duty to identify potential legal issues with Seth's statements during treatment or to inform Seth that his statements could potentially be suppressed as privileged communications. *See* **State v. Pohlhammer**, 82 Wis. 2d 1, 3, 260 N.W.2d 678 (1978), *on reh'g from* 78 Wis. 2d 516, 254 N.W.2d 478 (1977); *see also* **Pegeese**, 387 Wis. 2d 119, ¶23.

¶14    Likewise, had the circuit court known that Seth was not aware that he could seek to suppress his statements, such knowledge would not have prevented the court from accepting his pleas.  Again, the court had no independent duty to inform Seth that his statements during treatment could potentially be suppressed.  *See* **Pohlhammer**, 82 Wis. 2d at 3; *see also* **Pegeese**, 387 Wis. 2d 119, ¶23.  At most, the court may have informed Seth regarding the possibility of

his statements being suppressed or asked that Seth's attorney discuss the issue with Seth. But Seth has not identified any legal authority that would have required the court to do so, or that would have prevented the court from accepting his pleas despite his lack of knowledge regarding a potential suppression motion.[7]

¶15 Seth next argues that an error of fact existed at the time he entered his pleas because the delinquency petition did not cite the appropriate law of the alleged crime, contrary to WIS. STAT. § 938.255(1)(d). Assuming, without deciding, that the petition did not comply with § 938.255(1)(d), Seth's argument fails for two reasons. First, the alleged error would not be an error of fact but a legal error because it involves the sufficiency of a delinquency petition and the interpretation and application of § 938.255(1)(d). *See State v. A.S.*, 2001 WI 48, ¶26, 243 Wis. 2d 173, 626 N.W.2d 712 (the sufficiency of a delinquency petition is a question of law); *State v. Carter*, 2010 WI 77, ¶12, 327 Wis. 2d 1, 785 N.W.2d 516 (the interpretation and application of a statute to undisputed facts are questions of law). Second, the alleged error—i.e., a defective delinquency petition—appeared on the record and could have been corrected by an appeal or a writ of error. *See Patel*, 344 Wis. 2d 405, ¶13.

¶16 Seth next argues that an error of fact existed at the time the circuit court issued the dispositional order because the court placed him in a Type 1

---

[7] As a practical matter, without any duty to identify this potential legal issue and address it in a plea colloquy, it is unclear how—without Seth's attorney first raising the issue—the circuit court would have learned that Seth did not know that he could potentially seek to suppress statements made during treatment. Seth does not argue that his attorney provided ineffective assistance by failing to file a motion to suppress Seth's statements during treatment. Even if Seth had, we have previously concluded that the writ of *coram nobis* under Wisconsin common law does not extend "to legal errors of fundamental and constitutional dimension." *State ex rel. Patel v. State*, 2012 WI App 117, ¶¶14-15, 344 Wis. 2d 405, 824 N.W.2d 862; *see also State v. Kanieski*, 30 Wis. 2d 573, 579, 141 N.W.2d 196 (1966).

juvenile correctional facility for 715 days beyond the three-year limit set forth in WIS. STAT. § 938.538(3)(a)1. (2007-08).  In reaching that conclusion, Seth counts the time that he spent at Lincoln Hills School as a result of both the 2004 and 2007 delinquency adjudications.

¶17     Assuming, without deciding, that the circuit court violated WIS. STAT. § 938.538(3)(a)1. (2007-08), Seth's argument again fails for two reasons. First, the alleged error would not be an error of fact because it involves the interpretation and application of § 938.538(3)(a)1. (2007-08), which are questions of law.  *See Carter*, 327 Wis. 2d 1, ¶12.  Second, because the dispositional report acknowledged that Seth was placed at Lincoln Hills School in December 2004, and because the dispositional order explicitly expired in March 2012, the alleged error appeared on the record and could have been addressed by an appeal or a writ of error.  *See Patel*, 344 Wis. 2d 405, ¶13.

¶18     Finally, Seth requests, without further argument, that we invoke our discretionary reversal power under WIS. STAT. § 752.35.  Seth has not shown that any factual errors would have prevented the circuit court from accepting his pleas or from issuing a dispositional order.  Accordingly, Seth has not demonstrated that the real controversy has not been fully tried or that a probable miscarriage of justice has occurred.  *See* § 752.35.  This case is not an "*exceptional*" one warranting our discretionary reversal.  *See State v. McKellips*, 2016 WI 51, ¶52, 369 Wis. 2d 437, 881 N.W.2d 258.

¶19     In sum, the circuit court did not erroneously exercise its discretion by refusing to issue a writ of *coram nobis*.[8]  The alleged factual errors regarding Seth's statements during treatment and his lack of knowledge that such statements might be suppressed would not have prevented the court from accepting Seth's pleas and issuing a dispositional order.  In addition, the alleged defects in the delinquency petition and the dispositional order appeared on the record, and they are not errors of fact.[9]

        *By the Court.*—Order affirmed.

        This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[8] Seth also argues that the doctrine of laches does not preclude him from seeking a writ of *coram nobis*.  We need not address that additional argument, however, because the State never raised a laches argument with the circuit court.  *See Raye*, 281 Wis. 2d 339, ¶24.  Moreover, we have already concluded, on the merits, that the court did not err by refusing to issue a writ of *coram nobis*.  *See Turner v. Taylor*, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (we need not address all issues raised by the parties if one is dispositive).

[9] We have thoroughly examined Seth's brief-in-chief and reply brief in an attempt to discern all of his arguments.  To the extent we do not address an argument, we conclude it is not sufficiently developed to merit discussion.  *See State v. Waste Mgmt. of Wis., Inc.*, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978) ("[I]ssues raised and not discussed ... can be deemed to lack sufficient merit or importance to warrant individual attention.").