## COURT OF APPEALS
## DECISION
## DATED AND FILED

## August 18, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1111-CR**

Cir. Ct. No. **2004CT882**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

AMAN D. SINGH,

DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Dane County: NICHOLAS MC NAMARA, Judge. *Affirmed*.

¶1    NASHOLD, J.[1]  Aman D. Singh appeals a consolidated order denying: (1) his petition for a writ of *coram nobis* to vacate his 2005 judgment of

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

conviction for operating under the influence of an intoxicant or other drug (OWI) as a second offense; (2) his "motion to dismiss the repeater allegation," seeking the amendment or vacation of that conviction pursuant to WIS. STAT. § 973.13; and (3) his motion for reconsideration. I conclude that Singh is not entitled to the relief he seeks and, accordingly, I affirm.

## BACKGROUND

¶2 In 2004, Singh was convicted of a first offense OWI. The conviction was then vacated and Singh was charged with a second offense OWI. In 2005, Singh pled no contest, served ten days in jail, and had his license revoked for fifteen months. The following procedural history relates to Singh's attempts to seek relief from his 2005 judgment of conviction.

¶3 In 2015, Singh petitioned for a writ of *coram nobis*, a discretionary writ of limited scope that allows the court to correct a factual error crucial to the judgment. *See **Jessen v. State***, 95 Wis. 2d 207, 213-14, 290 N.W.2d 685 (1980); ***State v. Heimermann***, 205 Wis. 2d 376, 384, 556 N.W.2d 756 (Ct. App. 1996). Singh argued that his conviction violated double jeopardy because the (vacated) conviction for first offense OWI precluded the latter conviction. The circuit court denied the petition and this court affirmed, concluding that a writ of *coram nobis* cannot be used to correct alleged legal errors. *See **State v. Singh (Singh I)***, No. 2015AP850-CR, unpublished slip op. ¶¶4-6 (WI App Jan. 7, 2016).

¶4 In 2017, Singh moved to vacate the judgment pursuant to WIS. STAT. § 973.13,[2] arguing that his sentence was excessive because the judgment itself was

---

[2] WISCONSIN STAT. § 973.13 provides: "In any case where the court imposes a maximum penalty in excess of that authorized by law, such excess shall be void and the sentence

(continued)

2

invalid for violating WIS. STAT. § 345.52(1).[3] The circuit court denied the motion, and Singh appealed. This court summarily reversed as a sanction for the State's failure to file a response brief despite repeated notices to do so—which, this court concluded, amounted to an abandonment of the appeal. *See State v. Singh (Singh II)*, No. 2017AP1609, unpublished slip op. ¶¶5-11 (WI App July 26, 2018). This court remanded for further proceedings but noted,

> [T]he statute invoked by Singh on appeal, WIS. STAT. § 973.13, provides only one remedy: voiding any penalty in excess of the statutory maximum. The statute does not provide for vacation of the conviction or relief from the valid portion of the sentence. Since the penalties were fully served many years ago, and Singh has not moved for withdrawal of his no-contest plea, this limited remedy may render the matter moot.

*Id.*, ¶¶11-12.

¶5 On remand, the circuit court entered an order, pursuant to WIS. STAT. § 973.13, "commut[ing] any sentence above the maximum penalty authorized by law." Singh moved for reconsideration, arguing that, per this court's decision in *Singh II*, the circuit court was required to vacate his judgment of conviction and refund the fine or, alternatively, allow him to withdraw his plea. The circuit court denied the motion and this court affirmed, concluding that the

---

shall be valid only to the extent of the maximum term authorized by statute and shall stand commuted without further proceedings."

[3] WISCONSIN STAT. § 345.52(1) provides:

> A judgment on the merits in a traffic ordinance action bars any proceeding under a state statute for the same violation. A judgment on the merits in an action under a state statute bars any proceeding under a traffic ordinance enacted in conformity with the state statute for the same violation.

circuit court properly awarded the only relief available under § 973.13. *See* ***State v. Singh (Singh III)***, No. 2018AP2412-CR, unpublished slip op. ¶¶19-24 (WI App Apr. 16, 2020). This court further deemed forfeited, and thus did not address, Singh's argument under ***Birchfield v. North Dakota***, 579 U.S. 438 (2016), and ***State v. Dalton***, 2018 WI 85, 383 Wis. 2d 147, 914 N.W.2d 120, that his 2001 Illinois administrative suspension for refusing to submit to a blood test could not be used to determine the subsequent OWI penalty. *See* ***Singh III***, No. 2018AP2412-CR, ¶¶7, 25-27 & n.4.

¶6     In 2020, Singh brought the present action. Singh petitioned for another writ of *coram nobis*, again alleging that his conviction violated WIS. STAT. § 345.52(1). Singh separately moved for relief under WIS. STAT. § 973.13, reiterating the argument that he had attempted to raise in his previous appeal: that under ***Birchfield*** and ***Dalton***, his administrative suspension for refusing to submit to a blood test could not be used to increase his criminal penalty. *See* ***Birchfield***, 579 U.S. at 476-77 (the Fourth Amendment prohibits the imposition of criminal penalties for the refusal to submit to a blood test); ***Dalton***, 383 Wis. 2d 147, ¶¶59-61, 67 (ordering resentencing for a ***Birchfield*** violation).

¶7     In January 2021, the circuit court denied the petition and the motion. The court concluded that Singh was not entitled to a writ of *coram nobis* because his petition alleged a legal, and not a factual, error. The court further concluded that Singh's WIS. STAT. § 973.13 motion presented "no basis" for retroactively amending or vacating a judgment entered sixteen years prior.

¶8     In May 2021, this court held in ***State v. Forrett***, 2021 WI App 31, ¶¶5, 8-12, 19, 398 Wis. 2d 371, 961 N.W.2d 132, that under ***Birchfield*** and ***Dalton***, Wisconsin's statutory escalating penalty scheme for successive OWI

violations was unconstitutional to the extent it "counted" a prior revocation for refusal to submit to a blood test. *See* WIS. STAT. § 346.65(2)(am) (the penalty scheme); WIS. STAT. § 343.307(1)(f) (counting revocation refusals in determining the penalty under § 346.65(2)(am)). Singh moved the court to reconsider its ruling on his WIS. STAT. § 973.13 motion on the basis of *Forrett*. The court denied the motion, and Singh appealed.

¶9 After briefing to this court concluded, our supreme court affirmed *Forrett*, holding that "the OWI statutes are facially unconstitutional to the extent they count a prior, stand-alone revocation resulting from a refusal to submit to a warrantless blood draw as an offense for the purpose of increasing the criminal penalty." *See State v. Forrett*, 2022 WI 37, ¶14, 401 Wis. 2d 678, 974 N.W.2d 422. Hereinafter, any reference to *Forrett* is to the supreme court decision.[4]

## DISCUSSION

¶10 Singh raises two issues on appeal. First, he argues that he is entitled to a writ of *coram nobis* vacating his conviction. Alternatively, he argues that *Forrett* mandates the amendment or vacation of his conviction.

¶11 As this court explained in *Singh I*, a writ of *coram nobis* cannot be used to correct a legal error. *See Singh I*, 2015AP850-CR, ¶6; *see also Heimermann*, 205 Wis. 2d at 384. Singh raises a variant of the double prosecution argument this court addressed in 2015. However, instead of the previous constitutional double jeopardy claim, he now argues that his conviction

---

[4] Singh submitted a letter to this court citing *State v. Forrett*, 2022 WI 37, 401 Wis. 2d 678, 974 N.W.2d 422, as supplemental authority, and the State submitted a response. *See* WIS. STAT. RULE 809.19(10), (11).

violated WIS. STAT. § 345.52(1), which prohibits double prosecution for the same violation under both a traffic ordinance and state statute. *See supra* note 3. Accordingly, I construe Singh to argue that his conviction for OWI as a second offense violated § 345.52(1) because his previous (vacated) conviction for OWI as a first offense was pursuant to a traffic ordinance. Thus, the question Singh appears to raise is whether § 345.52(1) prohibits a subsequent conviction under state law where the defendant's conviction for that conduct under a traffic ordinance was vacated.[5] Contrary to Singh's assertions, this question is indisputably one of law. *See **It's In the Cards, Inc. v. Fuschetto***, 193 Wis. 2d 429, 434, 535 N.W.2d 11 (Ct. App. 1995) ("The application of a statute to undisputed facts is a question of law ...."). Therefore, a writ of *coram nobis* is not an available procedural mechanism to vacate Singh's conviction.

¶12 Singh next argues that his conviction should be vacated or amended as a consequence of ***Forrett***'s holding that an OWI penalty cannot be increased because of a prior revocation stemming from a refusal to submit to a warrantless blood draw. *See **Forrett***, 401 Wis. 2d 678, ¶14. Singh's motion—which relied on ***Birchfield***, ***Dalton***, and later, through a motion for reconsideration, ***Forrett***—was brought pursuant to WIS. STAT. § 973.13. Singh, however, was already granted the relief to which he was entitled under § 973.13. *See **Singh II***, No. 2017AP1609, ¶11. And as this court has already explained, any relief under § 973.13 involves voiding only the *excess* portion of the sentence. *See **State v. Hanson***, 2001 WI 70, ¶20, 244 Wis. 2d 405, 628 N.W.2d 759 ("When a court

---

[5] To the extent I have not precisely captured Singh's argument on double prosecution, I conclude that any argument along these lines involves a question of law and is therefore not the proper subject of a writ of *coram nobis*. The same is true of any argument Singh may mean to make that WIS. STAT. § 345.52(1) operates as a statute of repose.

imposes a sentence greater than that authorized by law, § 973.13 voids the excess." (internal quotation marks and quoted source omitted)); *see also* ***Singh II***, No. 2017AP1609, ¶11; ***Singh III***, No. 2018AP2412-CR, ¶¶19-24. By its plain language, § 973.13 does not affect the underlying judgment of conviction.[6]

¶13 In sum, Singh has not presented any legal basis to amend or vacate his judgment of conviction pursuant to a writ of *coram nobis* or under WIS. STAT. § 973.13. I therefore affirm.

> *By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[6] Singh also argues that ***Forrett*** may be retroactively applied to amend or vacate his judgment of conviction. However, Singh's arguments based on ***Forrett*** (and its predecessors, ***Birchfield*** and ***Dalton***) were brought as part of his WIS. STAT. § 973.13 motion, and § 973.13 does not allow for the amendment or vacation of a judgment of conviction. Accordingly, I decline to address the parties' arguments regarding the retroactive application of ***Forrett*** to Singh's judgment of conviction.

Singh further argues that "this court [may have] already commuted the sentence to a first offense OWI in" ***Singh II***. Singh continues, "If so, Singh's current motion seeking [relief under WIS. STAT. § 973.13] would be moot, and this court should remand with directions to enter an amended judgment of conviction reflecting a civil first offense OWI consistent with the previous commutation." As discussed, ***Singh II*** resulted in the "commutation" of Singh's sentence pursuant to § 973.13, but that decision had no effect on the judgment of conviction. Accordingly, I do not address this point further.